# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

| | |
|---|---|
| MOTOROLA MOBILITY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| APPLE INC., | ) ) |
| Defendant. | ) ) ) |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Motorola Mobility, Inc. ("Motorola Mobility"), for its complaint against Defendant Apple Inc., alleges as follows:

## INTRODUCTION

1. Motorola Mobility brings this action against Apple to seek remedies for Apple's infringement of U.S. Patents Nos. 5,710,987 ("the '987 patent"), 5,574,119 ("the '119 patent"), 5,958,006 ("the '006 patent"), 6,101,531 ("the '531 patent"), 6,008,737 ("the '737 patent"), and 6,377,161 ("the '161 patent") (together, "the Asserted Patents").

2. This action is the second complaint against Apple that Motorola has filed in this District. In *Motorola Mobility Inc. v. Apple Inc.*, Case No. 1:10-cv-23580-RNS ("Motorola-Apple I"), which is still ongoing, Motorola Mobility has accused a variety of Apple products of infringing the Asserted Patents. Motorola Mobility files the present action to present allegations concerning, and to seek remedies for infringement of the Asserted Patents for any products and/or infringement theories stricken by the December 6, 2011 (D.E. 198) Order on Apple's Motion to Strike Motorola's Supplemental Infringement Contentions in Motorola-Apple I.

## PARTIES

3. Plaintiff Motorola Mobility, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility, Inc. formerly was a wholly-owned subsidiary of Motorola, Inc. On July 31, 2010, Motorola, Inc. assigned all its rights, title and interest in each of the Asserted Patents to Motorola Mobility, Inc.

4. Defendant Apple, Inc. is a corporation organized and existing under the laws of the California with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Apple because Apple offers for sale and has sold its products to persons in this District, operates retail stores in this District, conducts business in this District, and has a registered agent for the purposes of accepting service of process in this District. Apple admitted in its answer in Motorola-Apple I that it is subject to personal jurisdiction in this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Apple resides in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District. Apple admitted in its answer in Motorola-Apple I that venue is proper in this District.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,710,987

8. Motorola Mobility incorporates by reference paragraphs 1-7.

9. The '987 patent, entitled "Receiver Having Concealed External Antenna," lawfully issued on January 20, 1998. A true and correct copy of the '987 patent is attached to this Complaint as Exhibit 1.

10. Motorola Mobility is the owner of all rights, title, and interest in the '987 patent, including the right to bring this suit for injunctive relief and damages.

11. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '987 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S.

12. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

13. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '987 patent in an amount to be determined at trial.

14. On information and belief, Apple's infringement of the '987 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

15. On information and belief, Apple's infringement of the '987 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,754,119

16. Motorola Mobility incorporates by reference paragraphs 1-7.

17. The '119 patent, entitled "Multiple Pager Status Synchronization System and Method," lawfully issued on May 19, 1998. A true and correct copy of the '119 patent is attached to this Complaint as Exhibit 2.

18. Motorola Mobility is the owner of all rights, title, and interest in the '119 patent, including the right to bring this suit for injunctive relief and damages.

19. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '119 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S and iCloud.

20. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

21. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '119 patent in an amount to be determined at trial.

22. On information and belief, Apple's infringement of the '119 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

23. On information and belief, Apple's infringement of the '119 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,958,006

24. Motorola Mobility incorporates by reference paragraphs 1-7.

25. The '006 patent, entitled "Method and Apparatus for Communicating Sumamrized Data," lawfully issued on September 28, 1999.

26. The '006 patent was reexamined *ex parte* pursuant to a request made on September 16, 2008. The Ex Parte Reexamination Certificate for the '006 patent issued on January 12, 2010, confirming the patentability of all reexamined claims as amended. A true and correct copy of the '006 patent is attached to this Complaint as Exhibit 3.

27. On May 28, 2010, the United States Patent and Trademark Office granted a request for *ex parte* reexamination of claims 1, 12 and 24-27 of the '006 patent. A final determination has not yet been reached in these proceedings.

28. Motorola Mobility is the owner of all rights, title, and interest in the '006 patent, including the right to bring this suit for injunctive relief and damages.

29. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '006 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S and iCloud.

30. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

31. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '006 patent in an amount to be determined at trial.

32. On information and belief, Apple's infringement of the '006 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

33. On information and belief, Apple's infringement of the '006 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,101,531

34. Motorola Mobility incorporates by reference paragraphs 1-7.

35. The '531 patent, entitled "System for Communicating User-Selected Criteria Filter Prepared at Wireless Client to Communication Server for Filtering Data Transferred from host to Said Wireless Client," lawfully issued on August 8, 2000. A true and correct copy of the '531 patent is attached to this Complaint as Exhibit 4.

36. On May 10, 2010, the United States Patent and Trademark Office granted a request for *ex parte* reexamination of claims 1-3, 5-6 and 11 of the '531 patent. On September 20, 2010, the Patent and Trademark Office noticed its intent to issue an Ex Parte Reexamination Certificate confirming the patentability of all reexamined claims.

37. Motorola Mobility is the owner of all rights, title, and interest in the '531 patent, including the right to bring this suit for injunctive relief and damages.

38. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '531 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S and iCloud.

39. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

40. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '531 patent in an amount to be determined at trial.

41. On information and belief, Apple's infringement of the '531 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

42. On information and belief, Apple's infringement of the '531 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,008,737

43. Motorola Mobility incorporates by reference paragraphs 1-7.

44. The '737 patent, entitled "Apparatus for Controlling Utilization of Software Added to a Portable Communication Device," lawfully issued on December 28, 1999. A true and correct copy of the '737 patent is attached to this Complaint as Exhibit 5.

45. Motorola Mobility is the owner of all rights, title, and interest in the '737 patent, including the right to bring this suit for injunctive relief and damages.

46. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '737 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S.

47. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

48. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '737 patent in an amount to be determined at trial.

49. On information and belief, Apple's infringement of the '737 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

50. On information and belief, Apple's infringement of the '737 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,377,161**

51. Motorola Mobility incorporates by reference paragraphs 1-6.

52. The '161 patent, entitled "Method and Apparatus in a Wireless Messaging System for Facilitating an Exchange of Address Information," lawfully issued on April 23, 2002. A true and correct copy of the '161 patent is attached to this Complaint as Exhibit 6.

53. Motorola Mobility is the owner of all rights, title, and interest in the '161 patent, including the right to bring this suit for injunctive relief and damages.

54. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '161 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S and iCloud.

55. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

56. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '161 patent in an amount to be determined at trial.

57. On information and belief, Apple's infringement of the '161 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

58. On information and belief, Apple's infringement of the '161 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

**DEMAND FOR JURY TRIAL**

59.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a jury trial.

**REQUEST FOR RELIEF**

WHEREFORE, Motorola Mobility respectfully requests that:

(a)     Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

(b)     Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c)     Judgment be entered awarding Motorola Mobility all damages adequate to compensate it for Apple's infringement of the Asserted Patents including all pre-judgment and post-judgment interest of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d) Judgment be entered that Apple's infringement of each of the Asserted Patents is willful and deliberate, and therefore that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

(e) Judgment be entered that Apple's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

(f) Judgment be entered awarding Motorola Mobility such other and further relief as this Court may deem just and proper.

Dated:  January 24, 2012	Respectfully submitted,


*/s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
ASTIGARRAGA DAVIS MULLINS
  & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Telephone: (305) 372-8282
Facsimile:  (305) 372-8202

*Counsel for Plaintiff Motorola Mobility, Inc.*

11

*Of Counsel:*

Charles K. Verhoeven*
David Perlson*
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile:  (415) 875-6700

Edward J. DeFranco*
Ray Nimrod*
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

David A. Nelson*
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
500 West Madison Street, Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7400
Facsimile:  (312) 705-7401

Marshall Searcy*
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile:  (213) 443-3100

*Pro hac vice to be filed*