**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:12-cv-20271-RNS-TEB**

|  |  |
|---|---|
| MOTOROLA MOBILITY, INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>       Defendant.<br><br>APPLE INC.,<br><br>       Counterclaim Plaintiff,<br><br>    v.<br><br>MOTOROLA, INC.,<br>MOTOROLA MOBILITY, INC.,<br>HTC CORPORATION,<br>HTC AMERICA, INC.,<br>ONE & COMPANY DESIGN, INC., and<br>HTC AMERICA INNOVATION INC.,<br><br>       Counterclaim Defendants. | **JURY TRIAL DEMANDED**<br><br>**Consolidated Cases**<br>**Case No. 1:10-cv-23580-RNS**<br>**Case No. 1:12-cv-20271-RNS** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff and Counterclaim Defendant Motorola Mobility, Inc. ("Motorola Mobility"), for

its First Amended Complaint against Defendant and Counterclaim Plaintiff Apple Inc.

("Apple"), alleges as follows:

1

**INTRODUCTION**

1.     Motorola Mobility brings this action against Apple to seek remedies for Apple's infringement of U.S. Patents Nos. 5,710,987 ("the '987 patent"), 5,754,119 ("the '119 patent"), 5,958,006 ("the '006 patent"), 6,101,531 ("the '531 patent"), 6,008,737 ("the '737 patent"), 6,377,161 ("the '161 patent"), 5,689,825 ("the '825 patent"), 6,002,948 ("the '948 patent"), 6,463,534 ("the '534 patent"), 7,024,183 ("the '183 patent"), 7,243,072 ("the '072 patent"), and 7,509,148 ("the '148 patent") (together, "the Asserted Patents").

2.     This action is the second against Apple that Motorola has filed in this District.  In *Motorola Mobility Inc. v. Apple Inc.*, Case No. 1:10-cv-23580-RNS ("Motorola-Apple I"), which is still ongoing, Motorola Mobility has accused a variety of Apple products of infringing the six patents asserted in the original complaint filed in this action (D.E. 1) (i.e., the '987, '119, '006, '531, '737, and '161 patents).  Motorola Mobility filed the present action to present allegations concerning, and to seek remedies for infringement of, those original six asserted patents for any products and/or infringement theories stricken by the December 6, 2011 (D.E. 198) Order on Apple's Motion to Strike Motorola's Supplemental Infringement Contentions in Motorola-Apple I.  In this amended complaint, Motorola presents allegations concerning, and seeks remedies for infringement of, six additional patents (i.e., the '825, '948, '534, '183, '072 and '148 patents).

**PARTIES**

3.     Plaintiff and Counterclaim Defendant Motorola Mobility, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048.  Motorola Mobility, Inc. formerly was a wholly-owned subsidiary of Motorola, Inc.  On July 31, 2010, Motorola, Inc. assigned all its rights, title and interest in each of the Asserted Patents to Motorola Mobility, Inc.

4.     Defendant and Counterclaim Plaintiff Apple, Inc. is a corporation organized and existing under the laws of the California with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

6.     This Court has personal jurisdiction over Apple because Apple offers for sale and has sold its products to persons in this District, operates retail stores in this District, conducts business in this District, and has a registered agent for the purposes of accepting service of process in this District.  Apple admitted in its answer in Motorola-Apple I that it is subject to personal jurisdiction in this District.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Apple resides in this District and because a substantial part of the events or omissions giving rise to this claim occurred in this District.  Apple admitted in its answer in Motorola-Apple I that venue is proper in this District.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,710,987

8.     Motorola Mobility incorporates by reference paragraphs 1-7.

9.     The '987 patent, entitled "Receiver Having Concealed External Antenna," lawfully issued on January 20, 1998.  A true and correct copy of the '987 patent is attached to this Complaint as Exhibit 1.

10.     Motorola Mobility is the owner of all rights, title, and interest in the '987 patent, including the right to bring this suit for injunctive relief and damages.

11.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '987 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S.

12.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

13.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '987 patent in an amount to be determined at trial.

14.     On information and belief, Apple's infringement of the '987 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

15.     On information and belief, Apple's infringement of the '987 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,754,119

16.     Motorola Mobility incorporates by reference paragraphs 1-7.

17.     The '119 patent, entitled "Multiple Pager Status Synchronization System and Method," lawfully issued on May 19, 1998.  A true and correct copy of the '119 patent is attached to this Complaint as Exhibit 2.

18.     Motorola Mobility is the owner of all rights, title, and interest in the '119 patent, including the right to bring this suit for injunctive relief and damages.

19.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '119 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S, the third generation Apple iPad launched on March 7, 2012 (the "Apple new iPad"), the Apple new iPad + 4G, and iCloud.

20.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

21.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '119 patent in an amount to be determined at trial.

22.     On information and belief, Apple's infringement of the '119 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

23.     On information and belief, Apple's infringement of the '119 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,958,006

24.     Motorola Mobility incorporates by reference paragraphs 1-7.

25.     The '006 patent, entitled "Method and Apparatus for Communicating Summarized Data," lawfully issued on September 28, 1999.

26.     The '006 patent was reexamined *ex parte* pursuant to a request made on September 16, 2008.  The Ex Parte Reexamination Certificate for the '006 patent issued on January 12, 2010, confirming the patentability of all reexamined claims as amended.  A true and correct copy of the '006 patent is attached to this Complaint as Exhibit 3.

27.     On May 28, 2010, the United States Patent and Trademark Office granted a request for *ex parte* reexamination of claims 1, 12 and 24-27 of the '006 patent.  A final determination has not yet been reached in these proceedings.

28.     Motorola Mobility is the owner of all rights, title, and interest in the '006 patent, including the right to bring this suit for injunctive relief and damages.

29.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '006 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S, Apple new iPad, Apple new iPad + 4G, and iCloud.

30.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

31.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '006 patent in an amount to be determined at trial.

32. On information and belief, Apple's infringement of the '006 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

33. On information and belief, Apple's infringement of the '006 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,101,531

34. Motorola Mobility incorporates by reference paragraphs 1-7.

35. The '531 patent, entitled "System for Communicating User-Selected Criteria Filter Prepared at Wireless Client to Communication Server for Filtering Data Transferred from host to Said Wireless Client," lawfully issued on August 8, 2000. A true and correct copy of the '531 patent is attached to this Complaint as Exhibit 4.

36. On May 10, 2010, the United States Patent and Trademark Office granted a request for *ex parte* reexamination of claims 1-3, 5-6 and 11 of the '531 patent. On September 20, 2010, the Patent and Trademark Office noticed its intent to issue an Ex Parte Reexamination Certificate confirming the patentability of all reexamined claims.

37. Motorola Mobility is the owner of all rights, title, and interest in the '531 patent, including the right to bring this suit for injunctive relief and damages.

38. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '531 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services

including but not limited to the Apple iPhone 4S, Apple new iPad, Apple new iPad + 4G, and iCloud.

39.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

40.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '531 patent in an amount to be determined at trial.

41.     On information and belief, Apple's infringement of the '531 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

42.     On information and belief, Apple's infringement of the '531 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,008,737

43.     Motorola Mobility incorporates by reference paragraphs 1-7.

44.     The '737 patent, entitled "Apparatus for Controlling Utilization of Software Added to a Portable Communication Device," lawfully issued on December 28, 1999.  A true and correct copy of the '737 patent is attached to this Complaint as Exhibit 5.

45.     Motorola Mobility is the owner of all rights, title, and interest in the '737 patent, including the right to bring this suit for injunctive relief and damages.

46.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '737 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of

equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S, Apple new iPad, and Apple new iPad + 4G.

47.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

48.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '737 patent in an amount to be determined at trial.

49.     On information and belief, Apple's infringement of the '737 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

50.     On information and belief, Apple's infringement of the '737 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 6,377,161

51.     Motorola Mobility incorporates by reference paragraphs 1-7.

52.     The '161 patent, entitled "Method and Apparatus in a Wireless Messaging System for Facilitating an Exchange of Address Information," lawfully issued on April 23, 2002.  A true and correct copy of the '161 patent is attached to this Complaint as Exhibit 6.

53.     Motorola Mobility is the owner of all rights, title, and interest in the '161 patent, including the right to bring this suit for injunctive relief and damages.

54.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '161 patent under 35 U.S.C.

9

§§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4S, Apple new iPad, Apple new iPad + 4G, and iCloud.

55.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

56.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '161 patent in an amount to be determined at trial.

57.     On information and belief, Apple's infringement of the '161 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

58.     On information and belief, Apple's infringement of the '161 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 5,689,825

59.     Motorola Mobility incorporates by reference paragraphs 1-7.

60.     The '825 patent, entitled "Method and Apparatus for Downloading Updated Software to Portable Wireless Communication Units," lawfully issued on November 18, 1997. A true and correct copy of the '825 patent is attached to this Complaint as Exhibit 7.

61.     Motorola Mobility is the owner of all rights, title, and interest in the '825 patent, including the right to bring this suit for injunctive relief and damages.

62.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '825 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple Mac Pro, Apple iMac, Apple Mac mini, Apple MacBook Pro, Apple MacBook, and Apple MacBook Air, each generation of the Apple iPod Touch, the Apple iPhone, Apple iPhone 3G, Apple iPhone 3GS, Apple iPhone 4, and Apple iPhone 4S, and the Apple iPad, Apple iPad + 3G, Apple iPad 2, Apple iPad 2 + 3G, Apple new iPad, and Apple new iPad + 4G.

63.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

64.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '825 patent in an amount to be determined at trial.

65.     On information and belief, Apple's infringement of the '825 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

66.     On information and belief, Apple's infringement of the '825 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 6,002,948

67.     Motorola Mobility incorporates by reference paragraphs 1-7.

68. The '948 patent, entitled "Method and Apparatus for Radio System with Mode Based Subscriber Communications," lawfully issued on December 14, 1999. A true and correct copy of the '948 patent is attached to this Complaint as Exhibit 8.

69. Motorola Mobility is the owner of all rights, title, and interest in the '948 patent, including the right to bring this suit for injunctive relief and damages.

70. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '948 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple Mac Pro, Apple iMac, Apple Mac mini, Apple MacBook Pro, Apple MacBook, and Apple MacBook Air, each generation of the Apple iPod Touch, the Apple iPhone, Apple iPhone 3G, Apple iPhone 3GS, Apple iPhone 4, and Apple iPhone 4S, and the Apple iPad, Apple iPad + 3G, Apple iPad 2, Apple iPad 2 + 3G, Apple new iPad, and Apple new iPad + 4G.

71. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

72. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '948 patent in an amount to be determined at trial.

73. On information and belief, Apple's infringement of the '948 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

74.     On information and belief, Apple's infringement of the '948 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT IX: INFRINGEMENT OF U.S. PATENT NO. 6,463,534

75.     Motorola Mobility incorporates by reference paragraphs 1-7.

76.     The '534 patent, entitled "Secure Wireless Electronic-Commerce System with Wireless Network Domain," lawfully issued on October 8, 2002.  A true and correct copy of the '534 patent is attached to this Complaint as Exhibit 9.

77.     Motorola Mobility is the owner of all rights, title, and interest in the '534 patent, including the right to bring this suit for injunctive relief and damages.

78.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '534 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple App Store, each generation of the Apple iPod Touch, the Apple iPhone, Apple iPhone 3G, Apple iPhone 3GS, Apple iPhone 4, and Apple iPhone 4S, and the Apple iPad, Apple iPad + 3G, Apple iPad 2, Apple iPad 2 + 3G, Apple new iPad, and Apple new iPad + 4G.

79.     Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

80.     Motorola Mobility has been and continues to be damaged by Apple's infringement of the '534 patent in an amount to be determined at trial.

81.     On information and belief, Apple's infringement of the '534 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

82.     On information and belief, Apple's infringement of the '534 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## COUNT X: INFRINGEMENT OF U.S. PATENT NO. 7,024,183

83.     Motorola Mobility incorporates by reference paragraphs 1-7.

84.     The '183 patent, entitled "Communication Device with Intelligent Communication Management and Method Therefor," lawfully issued on April 4, 2006. A true and correct copy of the '183 patent is attached to this Complaint as Exhibit 10.

85.     Motorola Mobility is the owner of all rights, title, and interest in the '183 patent, including the right to bring this suit for injunctive relief and damages.

86.     On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '183 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3GS, Apple iPhone 4, and Apple iPhone 4S.

87.    Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

88.    Motorola Mobility has been and continues to be damaged by Apple's infringement of the '183 patent in an amount to be determined at trial.

89.    On information and belief, Apple's infringement of the '183 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

90.    On information and belief, Apple's infringement of the '183 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT XI: INFRINGEMENT OF U.S. PATENT NO. 7,243,072

91.    Motorola Mobility incorporates by reference paragraphs 1-7.

92.    The '072 patent, entitled "Providing Assistance to a Subscriber Device over a Network," lawfully issued on July 10, 2007.  A true and correct copy of the '072 patent is attached to this Complaint as Exhibit 11.

93.    Motorola Mobility is the owner of all rights, title, and interest in the '072 patent, including the right to bring this suit for injunctive relief and damages.

94.    On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '072 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of equivalents, by activities including making, using, offering for sale and selling in the United

States, and by importing into the United States, without authority, products and services including but not limited to Siri, Apple data centers, and the Apple iPhone 4S.

95. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

96. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '072 patent in an amount to be determined at trial.

97. On information and belief, Apple's infringement of the '072 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

98. On information and belief, Apple's infringement of the '072 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

### COUNT XII: INFRINGEMENT OF U.S. PATENT NO. 7,509,148

99. Motorola Mobility incorporates by reference paragraphs 1-7.

100. The '148 patent, entitled "Message Alert System and Method of Providing Message Notification," lawfully issued on March 24, 2009. A true and correct copy of the '148 patent is attached to this Complaint as Exhibit 12.

101. Motorola Mobility is the owner of all rights, title, and interest in the '148 patent, including the right to bring this suit for injunctive relief and damages.

102. On information and belief, Apple has infringed and is still infringing, contributorily infringing and/or inducing infringement of the '148 patent under 35 U.S.C. §§ 271(a), (b), (c) and/or (g), directly and/or indirectly, literally or under the doctrine of

16

equivalents, by activities including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3GS, Apple iPhone 4, and Apple iPhone 4S, the third and fourth generation iPod Touch, and the Apple iPad, Apple iPad + 3G, Apple iPad 2, Apple iPad 2 + 3G, Apple new iPad, and Apple new iPad + 4G.

103.    Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

104.    Motorola Mobility has been and continues to be damaged by Apple's infringement of the '148 patent in an amount to be determined at trial.

105.    On information and belief, Apple's infringement of the '148 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

106.    On information and belief, Apple's infringement of the '148 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

107.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Motorola Mobility respectfully requests that:

(a)    Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

(b)      Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c)      Judgment be entered awarding Motorola Mobility all damages adequate to compensate it for Apple's infringement of the Asserted Patents including all pre-judgment and post-judgment interest of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d) Judgment be entered that Apple's infringement of each of the Asserted Patents is willful and deliberate, and therefore that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

(e) Judgment be entered that Apple's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

(f) Judgment be entered awarding Motorola Mobility such other and further relief as this Court may deem just and proper.

Dated:  May 16, 2012                                    Respectfully submitted,


                                                        /s/ *Edward M. Mullins*

                                                        Edward M. Mullins
                                                        Fla. Bar No. 863920
                                                        ASTIGARRAGA DAVIS MULLINS &
                                                        GROSSMAN, P.A.
                                                        701 Brickell Avenue, 16th Floor

18

Miami, FL  33131
Telephone: (305) 372-8282
Facsimile: (304) 372-8202
emullins@astidavis.com

*Attorneys for Plaintiff and Counterclaim
Defendant Motorola Mobility, Inc.*


Charles K. Verhoeven
David A. Perlson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com
davidperlson@quinnemanuel.com

Edward J. DeFranco
Raymond Nimrod
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Phone: (212) 849-7000
Fax: (212) 849-7100
eddefranco@quinnemanuel.com
raynimrod@quinnemanuel.com

David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
davenelson@quinnemanuel.com

Marshall Searcy
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA  90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
marshallsearcy@quinnemanuel.com