IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MOTOROLA MOBILITY, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. <br><br> ——————————— <br><br> APPLE INC., <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> MOTOROLA, INC., <br> MOTOROLA MOBILITY, INC., <br> HTC CORPORATION, <br> HTC AMERICA, INC., <br> ONE & COMPANY DESIGN, INC., <br> HTC AMERICA INNOVATION, INC., <br><br> Counterclaim Defendants. | **Consolidated Cases** <br> Case No. 1:12-cv-20271-RNS <br> Case No. 1:10-cv-23580-RNS |

### ORDER DENYING MOTION TO STRIKE

THIS MATTER is before the Court on the Motion to Strike [ECF No. 108], filed by the Apple, Inc.  Apple moves to strike the portion of Motorola's Response to HTC's Motion to Transfer Venue that states: "if the Court were inclined to transfer [Apple's] patent infringement claims against HTC to the United States District Court for the District of Delaware, (or, in the alternative, to the United States District Court for the Northern District of California), Motorola would not oppose Apple's claims against Motorola relating to those same patents being transferred as well."  Mot. at 2. This Motion is denied.

"[A] motion to strike is a drastic remedy disfavored by the courts." *Great Am. Assur. Co. v. Sanchuk, LLC*, 2012 WL 195526, at *2 (M.D. Fla. Jan. 23, 2012); *see also Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC.*, 2010 WL 5393265, at *1 (S.D. Fla. Dec. 21, 2010) ("Motions to strike are generally disfavored and are usually denied") (citations omitted). Such motions "should only be granted when it is required for the purposes of justice." *Koogle v. Aetna Life Ins. Co.*, 2011 WL 6257177, at *1 (S.D. Fla. Dec. 14, 2011).

Here, Apple fails to identify any valid basis for striking the portion of Motorola's Response identified above. First of all, Federal Rule of Civil Procedure 12(f) only permits the Court to strike material in "a pleading," which Motorola's Response is not. *See Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 2004 WL 5484268, at *1 (S.D. Fla. Dec. 17, 2004) ("Federal Rule of Civil Procedure 12(f) is applicable to pleadings, only."); *Palmer v. Johnson*, 2010 WL 2431897, at *1 (M.D. Fla. June 16, 2010) ("motions to strike are directed to the 'pleadings' only and thus are not available to strike material contained in motions, briefs, memoranda, or affidavits"). As such, the Court is not authorized to strike the filing in question.

Even if Motorola's Response constituted "a pleading," however, the request to strike still would be denied because the Response's content does not rise to the level of being "redundant, immaterial, impertinent, or scandalous," as required by the Rule. *See* Fed. R. Civ. P. 12(f). While Apple apparently believes that Motorola is attempting to pull a fast one by seeking a transfer of venue without going through the proper motion procedure under the Local Rules, this is not a basis for striking. To the extent that Apple is correct in its characterization of Motorola's Response, the Court remains free to ignore or deny any requests for relief that run afoul of the Local Rules or are otherwise improper.

Accordingly, for the reasons set forth above, it is hereby **ORDERED and ADJUDGED** that the Motion to Strike [ECF No. 108] is **DENIED**.

**DONE and ORDERED** in chambers in Miami, Florida on July 9, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of record