**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MOTOROLA MOBILITY, INC., | |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., | Consolidated Cases |
| Defendant. | Case No. 1:12-cv-20271-RNS<br>Case No. 1:10-cv-23580-RNS |
| APPLE INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| MOTOROLA MOBILITY, INC.,<br>HTC CORPORATION,<br>HTC AMERICA, INC.,<br>ONE & COMPANY DESIGN, INC., and<br>HTC AMERICA INNOVATION, INC. | |
| Counterclaim Defendants. | |

## PROTECTIVE ORDER

THIS MATTER is before the Court on the Motion for Entry of Joint Protective Order [ECF No. 113]. The parties ask the Court to enter a Protective Order to which they have jointly stipulated. This Motion is **GRANTED**, and the following Protective Order is hereby entered in this case:

Pursuant to Federal Rules of Civil Procedure 26(c) and in order to facilitate production and receipt of information during discovery in the above-referenced action, Plaintiff and Counterclaim-Defendant Motorola Mobility, Inc. ("Motorola Mobility"), Counterclaim-Defendant Motorola Solutions, Inc. (f/k/a Motorola, Inc.) (collectively, "Motorola"); Defendant and Counterclaim-Plaintiff Apple Inc. ("Apple"); and Counterclaim-Defendants HTC Corporation, HTC America, Inc., One & Company Design, Inc. and HTC America Innovation Inc. (collectively "HTC")  hereby stipulate, subject to the approval of the court, to entry of the following Order for the protection of certain trade secret and other confidential research, development or commercial information that may be produced or otherwise disclosed by a party or by non-parties during the course of this action.   Given the actions between Apple and Motorola currently pending before the U.S. International Trade Commission ("ITC"), *Certain Wireless Communication Devices, Portable Music and Data Processing Devices, Computers and Components Thereof*, Inv. No. 337-TA-745 and *Certain Mobile Devices and Related Software*, Inv. No. 337-TA-750, the provisions of this Stipulated Protective Order are intended to mirror, where possible, the standard form language of the protective orders already in place in those investigations.

## **PROTECTED MATERIAL**

1.     This Order shall be applicable to and govern without limitation, all information, documents, testimony and/or things, or portions thereof, subject to discovery in this action, which contain non-public, confidential information and/or trade secrets designated pursuant to the terms of this Order, as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain, describe or reflect such information (collectively referred to herein as "Protected Materials").  Protected Materials in this

case shall only be used in this matter.  Any party to this action or non-party producing materials or information in response to a subpoena or otherwise ("Designating Party") may designate for protection under this Order any Protected Materials which is furnished, filed or served directly or indirectly, by or on behalf of that party in connection with this proceeding.  Materials previously designated by Motorola, Apple, or any third party as Protected Materials under the protective order of any other pending litigation between Motorola and Apple shall remain subject to the terms of that protective order.

2.      Such Protected Materials may be designated by any Designating Party in the following ways:

a.  "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER," or a similar label, if it (i) contains commercially sensitive competitive information, including trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information (such as settlement agreements or settlement communications, future business plans or pending prosecution of patents), within the scope of the Federal Rules of Civil Procedure 26(c)(1)(G), (ii) is subject to an express obligation of confidentiality owed by the Designating Party to a third party; (iii) is subject to the privacy interest of any individual; or

b.  "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE," or a similar label, if it qualifies as "CONFIDENTIAL BUSINESS INFORMATION" and contains "Source Code," as that term is defined below, and information related to Source Code.

3.      As used herein, "Receiving Party" shall refer to any person who receives Protected Material from a Designating Party.

3

4.      Protected Material shall not include any information that:

a.  is or becomes lawfully in the possession of the Receiving Party through communications other than production or disclosure in this action; or

b.  is or becomes part of the public domain by publication or otherwise, and not due to any unauthorized act or omission on the part of the Receiving Party.

**<u>MARKING</u>**

5.      Documents and things (including, without limitation, optical, magnetic or electronic medium, such as floppy diskettes, DVDs, CD-ROMs, drives, memory media), other than depositions or other pre-trial testimony shall be designated for protection under this Order by conspicuously affixing the notation "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" or "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE" on each page (or in the case of optical, magnetic, electronic medium, or similar mass storage media, on the medium itself) to which the designation applies, as well as to the first page or cover of such document or thing.  To the extent practical, the designation shall be placed near any control number that is also affixed to the document or thing.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains "CONFIDENTIAL BUSINESS INFORMATION" or "CONFIDENTIAL SOURCE CODE" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format.  When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to paragraph 11, the party printing the

electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  No party shall seek to use in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

6. Designation of specific portions of deposition transcripts as Protected Materials under this Order may be made by a statement to such effect on the record in the course of the deposition.  Upon designation of the transcript on the record during the deposition, all persons to whom access to said Protected Materials has been denied under the terms of this Order shall leave the deposition during the portion of the deposition in which Protected Materials are discussed.  The deposition reporter or other person recording the proceedings shall segregate any portion of the transcript of the deposition or hearing which has been stated to contain Protected Materials, and may furnish copies of these segregated portions, in a sealed envelope, only to the deponent as required by law, to the court, and to outside counsel for the parties bound by the terms of this Order, who may in turn provide access to the Protected Materials in accordance with the terms of this Order.  A Designating Party may also designate any portion or all (if appropriate) of the transcript as Protected Materials under this Order with reference to the pages and lines of testimony in the transcript, by so advising the deposition reporter (who shall indicate the designations in the transcript) and all parties in writing, within ten (10) business days after receipt of the final transcript.  Deposition exhibits shall be treated in accordance with any prior designation under this Order, or may be specifically designated under this Order on the record

during the deposition or in writing within ten (10) business days after the Designating Party has received the deposition exhibits accompanying the final transcript.  A transcript, and any of its exhibits not designated under this Order prior to the deposition, shall be treated as "CONFIDENTIAL BUSINESS INFORMATION", unless otherwise designated on the record, until ten (10) business days after it has been received by the Designating Party.  In the case of testimony or exhibits designated as Protected Material under this Order following conclusion of the deposition, all parties shall mark the appropriate legend on all copies of the deposition transcript and its exhibits and treat the information in accordance with its designation from the date they are notified of such designation.  In the event of disagreement about the confidential status of a deposition transcript or exhibit, it shall be treated as "CONFIDENTIAL BUSINESS INFORMATION" until this court rules otherwise.

7.      All designations of Protected Materials under this Order shall be made in good faith by the Designating Party at the time of disclosure, production or tender to the Receiving Party, or at such other time as permitted by this Order.

8.      The inadvertent failure to designate Protected Materials pursuant to this Order does not constitute a waiver of a claim to such designation, and a party may so designate material thereafter subject to the protections of this Order.

<u>**ACCESS TO PROTECTED MATERIAL**</u>

9.      *"CONFIDENTIAL BUSINESS INFORMATION" Material*.  Only the following individuals shall have access to materials designated "CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER" absent the express written consent of the Designating Party or further order of the Court:

a. Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms assisting in the litigation who have no responsibility for patent prosecution on behalf of any party;

b. Independent expert witnesses and consultants retained by or for the Receiving Party or their counsel, who do not assist, participate or advise the Receiving Party with patent prosecution or reexamination, and their support staff and clerical employees assisting in the litigation, provided the independent expert witness or consultant has been pre-approved in accordance with paragraph 11;

c. Professional litigation support vendors retained by or for the parties for document copying, document coding or computerization services, preparing audiovisual aids (*e.g.*, exhibits, models, graphics and video, and demonstrative exhibits for use in the courtroom), other trial support and/or trial consulting services, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation, provided the vendor acknowledges its obligation to keep the information so provided confidential consistent with this order and use the information only as part of performing professional litigation support services requested in this action; and

d. The Court, its technical advisor(s) (if appointed), court personnel, the jury, court reporters and/or videographers engaged in proceedings incident to this action.

## SOURCE CODE – ADDITIONAL RESTRICTIONS FOR PRODUCTION AND ACCESS

10. *"CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE" Material.*   A Designating Party may designate

documents, information, or things with the label "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE," which means source code, as that term is defined below, and information related to source code, which is to be protected in the same manner as what is set forth in this Protective Order, subject to additional protections provided below. Source code includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions and/or instructions (hereinafter referred to as "source code").

a. Source code includes, without limitation, computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL); Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software. Source code documents at least include (1) printed documents that contain or refer to selected source code components ("printed source code"); (2) electronic communications and descriptive documents, such as emails, design documents and programming examples, which contain or refer to selected source code components ("described source code"); (3) electronic source code documents that reside in a source code repository from which software and related data files may be compiled, assembled, linked, executed, debugged and/or tested ("source code files"); and (4) transcripts, reports, video, audio, or other media that include, quote, cite, describe, or otherwise refer to source code, source code files, and/or the development thereof. Source code files include, but are not limited to documents containing source code in "C", "C++", Java, Java scripting languages, assembler languages, command languages and shell languages. Source code files may further include "header files," "make" files, project files, link

8

files, and other human-readable text files used in the generation, compilation, translation, and/or building of executable software, including software intended for execution by an interpreter. Documents and things produced during the course of this litigation designated with the label "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE," shall be protected in accordance with this Protective Order, subject to additional protections provided herein below.  Nothing in this Protective Order shall obligate the parties to produce any source code nor act as an admission that any particular source code is discoverable.

      b.  A producing party shall produce source code files by making them available electronically on a stand-alone, non-networked computer without Internet access provided by the producing party ("the Source Code Computer").  The Source Code Computer provided by the producing party shall run a reasonably current version of a mutually agreed upon operating system such as Apple OS X, Microsoft Windows, Linux, or SunOS.  Source code files must be produced as they are stored in the ordinary course of business and on a mutually agreed upon computer system.  The Source Code Computer shall be produced, stored, and secured at the offices of the producing party's outside counsel or such other appropriately secure facility as is mutually agreed upon by the parties (termed "the designated facility").  Motorola shall make source code available at the offices of Quinn Emanuel Urquhart & Sullivan in New York, New York and Redwood Shores, California. Apple shall make source code available at the offices of Weil, Gotshal & Manges in Redwood Shores, California and Boston, Massachusetts.  HTC shall make source code available at the offices of Keker & Van Nest in San Francisco, California. The parties reserve the right to change locations or identify an additional location at an office of the respective outside counsel for source code inspection.  Source code shall be made available

for inspection by the persons to whom disclosure is authorized pursuant to this Protective Order, at a mutually convenient time (that, upon reasonable notice includes evenings and weekends) at the designated facilities, with the following exception:  No outside counsel who is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a party shall have access to material designated with the label "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE."

    c.   Source code shall be provided with the following additional protections:

        i. The producing party shall produce source code files as they are stored in the ordinary course of business and shall deliver one copy of the source code files to the designated facility for review on the Source Code Computer.  For sake of clarity, the producing party may provide the source code files in read-only form.  To the extent that either party considers production of specifically identified source code files in executable form necessary to prove an element of one or more of its claims (or to disprove a claim put forth by the other side), the parties shall meet and confer.

        ii.     The producing party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing party's business.  The receiving party's outside counsel and/or experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that such other software tools are reasonably necessary for the receiving party to perform its review of the source code consistent with all of the protections herein. Specific tools may include, but are not limited multi-file text search tools such as "grep", dtSearch, Understand for Java, Understand for C, Visual Slick Edit, Source-Navigator, PowerGrep and ExamDiff Pro or similar programs.  Where executable source code is installed on the Source Code computer, the receiving party shall be entitled to install and use appropriate compilers, debuggers and text editors so long as the receiving party agrees that no edits may be performed on the information designated with the label "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE."  The receiving party must provide the producing party with the CD or DVD containing such licensed software tool(s) at least five (5) days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Source Code Computer.

iii.     Each producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the source code.  Each receiving party may print portions of the source code only when reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report or for use as deposition exhibits).  Each producing party must allow each requesting party to print paper copies of portions of source code not to exceed ten (10) contiguous pages, up to a total of 250 printed pages for the sole use of the receiving party.  (In other words, Apple shall be entitled to print 250 pages of Motorola source code and 250 pages of HTC source code, while Motorola and HTC shall each be entitled to print 250 pages of Apple source code.)  Source code printed by Motorola and Apple in previous litigations shall not count towards this page limit.  In the event that a receiving party believes there is a need to print a contiguous portion of source code exceeding ten (10) pages in length or more than 250 pages total, the parties shall meet and confer regarding such need on the day of the inspection if practicable or otherwise as soon thereafter as possible and absent agreement, seek a Court resolution.  The receiving party shall not print source code in order to review blocks of source code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that source code electronically on the Source Code Computers.  Upon printing any such portions of source code, the printed pages shall be collected by the producing party.  The producing party shall Bates number, copy, and label "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE" any pages printed by the receiving party and deliver them to the receiving party or object within two business days.  If, after meeting and conferring, the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a resolution from the Court of whether the printed source code in question is narrowly tailored and was printed for a permitted purpose. The printed pages shall constitute part of the source code produced by the producing party in this action.  Each consultant, expert, or attorney will record on a log every page of source code that has been printed ("print logs").  Print logs should be secured in a locked and secure room when not in use.

iv.     Any external storage media containing source code shall be disconnected from and/or removed from its Source Code Computer and stored in a locked room, safe or storage cabinet when it is not actually being accessed.

v.     The Source Code Computer and the safe or storage cabinet must be kept in a locked and secure room (the "Source Code Review Room").

vi.     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the source code but

may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein. The producing party may visually monitor the activities of the receiving party's representatives during any source code review, but only to ensure that no unauthorized electronic records of the source code and that no information concerning the source code are being created or transmitted in any way. Such monitor shall not be in the Source Code Review Room, shall not be able to listen any activity taking place in the Source Code Review Room. No video may be made of any activity taking place in the Source Code Review Room, nor shall the monitor be permitted to report on any activities therein other than as may relate to the above-referenced purpose of the monitoring.

vii.     Except as provided in Paragraph 10(c)(iii) above and 10(c)(xi) below, the receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any recordable media or recordable device. The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

viii.    The Source Code Computer and/or external storage media used to store the source code shall be password protected and, at the option of the producing party, further protected using PGP encryption.

ix.      No electronic copies of source code shall be made (including by way of example only, the receiving party may not scan the source code to a PDF or photograph the code), other than volatile copies necessarily made in the course of loading, accessing, compiling, modeling and/or executing the source code or running data processing systems that use or incorporate the source code on the Source Code Computer. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. Counsel shall use the following procedure in meeting and conferring regarding the use of Confidential Source Code in filings: If a party reasonably believes that it needs to submit a portion of Confidential Source Code as part of a filing with the Court, that party shall make that request to the supplier in writing. As soon as practicable thereafter, but in no event later than three (3) business days following that request, the parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Confidential Source Code. Such filing will not be made absent consent from the supplier that the confidentiality protections will be adequate or a showing that the receiving party has good cause for both the extent of the Confidential Source Code utilized in the filing and the adequacy of protections afforded to that Confidential Source Code. The parties further

agree (1) to use no more Confidential Source Code in such filings than is reasonably necessary to accomplish the purpose for which the Confidential Source Code is being relied upon and (2) that if Confidential Source Code to be cited in such filings exceeds 10 lines of code, then the Confidential Source Code must be attached in an exhibit rather than embedded in the body of the filing. No more than a total of 20 individuals identified by the receiving party shall have access to the printed portions of Confidential Source Code (except insofar as such code appears in any filing with the Court or expert report in this case).

x.      The printed Confidential Source Code shall be labeled "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE." Outside counsel for the producing party will keep the originals of these printed documents, and copies shall be made for outside counsel for the receiving party within 24 hours. The receiving party's outside counsel of record may make no more than five (5) additional paper copies of any portions of the source code received from a producing party, not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the source code received from a producing party that are delivered by the receiving party to any qualified person under Paragraph 10(b) above. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon one reasonable notice to the receiving party by the producing party, the receiving party shall provide a copy of this log to the producing party.

xi.      For depositions, the receiving party shall not bring copies of any printed Confidential Source Code. Rather, at least five (5) days before the date of the deposition, the receiving party shall notify the producing party about specific portions of Confidential Source Code it wishes to use at the deposition, and the producing party shall bring printed copies of those portions to the deposition for use by the receiving party. For the sake of clarity, the receiving party shall identify the source code to be brought with particularity, by production numbers or file names, and shall not simply request that "all printed source code" be brought to the deposition. Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of source code brought at the deposition shall be securely destroyed in a timely manner following the deposition.

xii.      Any printed pages of Source Code shall be stored in a locked safe or storage cabinet when not actually in use.

xiii.      The inspecting party shall maintain a log of all individuals who have accessed the Source Code Computer. The log shall be made available to the producing party upon reasonable request. The log shall include the name of each person who accessed the Source Code Computer. Such log and any information from it shall be inadmissible in this

Investigation except in connection with proceedings before the Court regarding any alleged violations of this Protective Order.

 xiv. Any consultant or expert retained on behalf of an inspecting party who is to be given access to the producing party's Confidential Source Code — whether in electronic form or otherwise — must agree in writing not to write source code directly intended for commercial purposes relating to wireless communications and user interface technology for a period of six (6) months after issuance of a final, non-appealable decision resolving all issues in these actions. This shall not preclude such consultants and experts from any academic work or consulting in future litigation, so long as such consulting does not involve writing source code directly intended for commercial purposes relating to the technology at issue in this litigation.

 xv. Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.

 xvi. At the end of the above-styled litigation (including any related appeals), any entity receiving source code will certify that: (a) all printed copies of source code have been returned, with the exception of exhibits that were attached to filed pleadings or admitted into evidence; (b) any electronic storage or memory media which may contain source code have been returned, fully reformatted, and/or destroyed; and (c) any access logs maintained by counsel have been archived along with counsel's other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

## PRE-APPROVAL TO ACCESS PROTECTED MATERIAL

11. The independent expert witnesses and consultants identified pursuant to paragraphs 9.b and 10.b shall be allowed access to Protected Material only after the Receiving Party has complied with the following procedure:

 a. Before receiving any Protected Material, the expert or consultant shall be provided a copy of this Order, shall read the Order, and shall acknowledge, by executing the Acknowledgement and Agreement To Be Bound by Protective Order in the form attached hereto as Exhibit A, that he or she has read the Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Order.

b.   Outside counsel for the Receiving Party shall provide a copy of the executed Acknowledgement and Agreement To Be Bound by Protective Order to the Designating Party, along with (i) the curriculum vitae of the expert or consultant, (ii) an identification of the present employer and title of the expert or consultant, (iii) a description of his or her testifying or consulting engagements within the past four (4) years, (iv) an identification of the party on whose behalf he or she was retained in such engagements, and (v) an indication of whether the person will be eligible to access material labeled "CONTAINS CONFIDENTIAL BUSINESS INFORMATION INCLUDING HIGHLY CONFIDENTIAL SOURCE CODE."

c.   The Designating Party will have ten (10) court days to object in writing to the disclosure of Protected Material to the particular expert or consultant.  In the absence of any objection at the end of the ten (10) day period, the expert or consultant shall be deemed approved under this Order.  If objection to the disclosure is made within ten (10) court days and the objection is not resolved, the objecting party shall, no later than ten (10) court days after making the objection, petition the Court for an order prohibiting the disclosure at issue.  The objecting party shall have the burden of persuasion that disclosure should not be made.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If an objection and petition to the Court is timely made, no Protected Material shall be made available to the particular expert or consultant until after the Court rules that disclosure can be made.

d.   Prior to the first inspection of Confidential Source Code, the Receiving Party shall provide ten (10) days notice of the Confidential Source Code that it wishes to inspect.  The Receiving Party shall provide two (2) days notice prior to any additional inspections of the same Confidential Source Code, although the parties will be reasonable in accommodating requests of less than two (2) days.  The Receiving Party shall identify any individual who will be given

15

access to the Confidential Source Code at least ten (10) days prior to the first time any such individual is given access to inspect the Confidential Source Code, during which time the producing party may object to providing access to any persons so identified.  If an objection to an individual is made by the producing party, it will be the burden of the producing party to prove that they may be harmed by the disclosure of the Confidential Source code to such individual, or that other reasons exist why the individual should not be authorized to inspect the supplier's Confidential Source Code. The Receiving Party shall provide two (2) days notice any time each such individual is given access to inspect the Confidential Source Code after the first time. The parties need not provide notice for additional inspections of printed pages of Confidential Source Code that has been delivered to or is in the custody of the Receiving Party. For clarity, once an individual has been granted, and received, access to Confidential Source Code, the two-day notice period does not provide the producing party an opportunity to renew or raise additional objections to that party's access.

## <u>RESTRICTIONS ON USE OF PROTECTED MATERIAL</u>

12.    Protected Material, including any notes, memoranda or other similar documents summarizing or referring to the contents thereto, shall be used by a Receiving Party solely for the purpose of this action, any appeals therefrom, including any efforts to settle this action, and shall not be disclosed or used for any other purpose whatsoever, including without limitation any other legal proceeding, including any legal proceeding involving any of the parties, patent prosecution or acquisition, or any business or competitive purpose or function of any kind.  Protected material obtained in this action may be used with the consent of the supplier in a parallel district court or other legal proceeding under a protective order issued by the district court or other authority without losing its confidential status under the protective order in this action so long as

the information is not made public in the district court proceeding or other legal proceeding or by someone who obtains the information from that source or by anyone else.

13. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

14. Any person in possession of Protected Material shall exercise reasonable care with regard to the storage, custody or use of such Protected Material in order to ensure that the secrecy of the information is maintained in accordance with its designation.

15. If Protected Material is lost, stolen, and/or disclosed to anyone other than in a manner authorized by this Order, the Receiving Party shall immediately bring all pertinent facts relating to such loss, theft or disclosure to the attention of the Designating Party and make every reasonable effort to retrieve such Protected Material and to prevent further disclosure.

16. *Use of Protected Material In Depositions*.  A deponent may be shown during his or her deposition Protected Material if

a.  the deponent is an author or recipient of such Protected Material, or is reasonably believed to have otherwise already been in possession of the information contained in the Protected Material,

b.  the deponent has been pre-approved under paragraph 11 above,

c.  the Protected Material was produced in this litigation by the deponent's employer, or

d.  the attorney taking the deposition and showing the witness the Confidential Material represents the Designating Party;

e.  testimony or other circumstances indicate that the deponent previously had or was authorized to access such Protected Material or knows its contents;

17

f.  the Designating Party has consented on the record of the deposition to the showing of the Confidential Material to the witness; or

g.  at least five (5) days before the deposition, the party wishing to show the witness the Protected Material notifies the Designating Party in writing of its intent to do so, with a specific listing of the Protected Material to be shown, and the Designating Party fails to provide, within ten (10) days of receipt of the notice or two business days prior to the deposition, whichever is later, written objection to this use of Protected Material.  If a timely written objection is provided, the Protected Material listed in the written objection shall not be shown to the witness unless and until the objection is withdrawn or the party wishing to show that Protected Material to the witness moves for and obtains appropriate relief from the Court. Witnesses being shown Protected Material under this subsection must sign the Acknowledgement and Agreement To Be Bound by Protective Order in the form attached hereto as Exhibit A before being shown the Protected Material.

17.  *Use of Protected Material In Filings*.  Documents containing Protected Material shall not be filed with the Court except as required by Court rules or as necessary in connection with motions or other matters requiring the Court's attention in this action.

a.  In the event that any party needs to submit documents containing Protected Material to the Court, the party submitting such documents shall (i) file said materials under seal pursuant to the Court's electronic filing procedure, and, (ii) serve unredacted versions of such documents containing the Protected Material on the required party(ies) on the same day as the filing.

b.  The failure of any party to comply with the requirements of paragraph 18.a for the submission to the Court of documents containing Protected Material shall not affect the status

of that information as designated under this Order.  Upon learning of a violation of this Order by any other party, any party may make an application or motion for an order provisionally or permanently sealing, and removing from the public docket, any documents believed to contain Protected Material.

18.     *Use of Protected Material at Hearing or Trial*.  This Order governs only pretrial proceedings.  The parties recognize that, as a public forum, the Court has a policy of providing to the public full access to trial proceedings.  Accordingly, the protections applicable during pretrial discovery proceedings herein to Protected Material shall apply during trial proceedings only pursuant to a separate order of the Court.  Subject to the Federal Rules of Evidence, Protected Material designated under this Order may be offered in evidence at trial or any court hearing only for purposes of this litigation, provided that the proponent of the evidence gives reasonably sufficient notice to counsel for the Designating Party prior to offering the Protected Material in evidence to allow any confidentiality to be preserved.  In order to preserve the confidentiality of the Protected Material being offered in evidence, the Designating Party must move the Court for an order that the evidence be received *in camera* or under such other conditions as are necessary to prevent inappropriate disclosure.  The Court will then determine whether the proffered evidence should continue to be protected under this Order, and if so, what protection, if any, may be afforded to such information at the trial.

## NO PREJUDICE

19.     Entering into, agreeing to and/or producing or receiving Protected Material or otherwise complying with the terms of this Order shall not:

a. operate as an admission by any party that any material designated as Protected Material contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Material;

c. prejudice in any way the rights of any party to object to the authenticity or admissibility in evidence of any information subject to this Order;

d. prejudice in any way the rights of any party to seek a determination by the court whether any Protected Material should be subject to the terms of this Order;

e. prejudice in any way the rights of any party to petition the court for a further protective order relating to any purportedly Protected Material;

f. prejudice in any way the rights of any party to petition the court for permission to disclose or use particular Protected Material more broadly than would otherwise be permitted by the terms of this Order; or

g. prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Protected Material designated under this Order by that party.

## OBJECTIONS TO DESIGNATIONS UNDER THIS ORDER

20.     Neither stipulation by a party to the terms of this Order nor failure of a party, at the time it receives materials designated pursuant to this Order, to challenge or object to the designation shall be deemed a waiver of its right to challenge or object to the designations at any

later time.  Any party may at any time challenge the designation of any Protected Material under this Order and may request permission to use or disclose such Protected Material other than as permitted, pursuant to this paragraph by serving (which may be by e-mail) a written request upon counsel for the Designating Party at least ten (10) court days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the e-mail request.  Such request shall specifically identify the Protected Material, including Bates label if applicable, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made.  The Designating Party shall thereafter respond to the request in writing within ten (10) court days after receipt of same.  Absent good cause shown, a failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

## INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

21.    The inadvertent failure to designate or withhold any documents or things produced during the course of this litigation that qualify for protection under this Protective Order or are subject to attorney-client privilege, the attorney work product doctrine, or other applicable immunity or exemption from discovery will not be deemed to waive a later claim as to its appropriate confidential or privileged nature, or to stop the producing party from designating such information as confidential or privileged at a later date in writing wan particularity.  Newly designated confidential information must be treated by the receiving party according to the new designation from the time the receiving party is notified in writing of the change in the designation.  A receiving party who has been notified that privileged information has been

inadvertently produced shall destroy or return such inadvertently produced information, including all copies within ten (10) days or receiving a written response from the producing party.  Deposition testimony may be retroactively designated as subject to an appropriate privilege (1) under the terms specified in this paragraph (22) if retroactively designated within fifteen (15) days of service, (2) if the parties consent, or (3) if the Court or other body with authority so orders.

22.     Motorola and Apple agree to cut-off logging of privileged, work product, and other materials exempt from discovery created on or after September 1, 2010 or work product communications between a party and its outside counsel created on or after January 1, 2010 in anticipation of litigation.  With respect to HTC, the parties agreed to cut-off logging of privileged, work product, and other materials exempt from discovery created on or after March 2, 2010.  In addition, privileged materials created by or on behalf of litigation counsel or exchanged with litigation counsel, regardless of their date, do not need to be included on any privilege log.

23.     There shall be no discovery sought or information offered into evidence relating to communications with translators, document imaging personnel, trial consultants, graphics personnel, or other like litigation support personnel working under the direction of counsel.

24.     The provisions of Fed. R. Civ. P. 26(b)(3)(A)-(C) and 26(b)(4)(B)-(D) shall apply to the protection of draft expert reports and communications between a party attorney(s) and an expert(s).

**RESTRICTION ON PATENT PROSECUTION**

25.     Absent the written consent of the producing party, any person that receives access to confidential material or Confidential Source Code produced pursuant to this Protective Order

shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the patents asserted in this action (including but not limited to any application claiming priority to or otherwise related to the patents asserted in this action), before any foreign or domestic agency, including the United States Patent and Trademark Office.   Nevertheless, persons having access to materials produced pursuant to this Protective Order may participate in or advise on reexamination proceedings relating to patents in which their client or an opposing party has an interest, provided that such involvement does not include participating in, or advising on, directly or indirectly, in claim drafting or amending claims.  This prohibition on patent prosecution shall begin when access to protected material is first received by the affected individual, and shall end two (2) years after the final resolution of this action, including all appeals.  This prosecution bar is personal to the person receiving such protected material and shall not be imputed to any other person or entity.   Nothing in this Order shall operate to preclude any person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office that may arise as a consequence of knowledge obtained during the course of this litigation.

### SURVIVAL OF ORDER AND DISPOSITION OF PROTECTED MATERIAL

26.    All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Order, after the conclusion of this action, including all appeals, until further Order of the court, unless the parties agree otherwise in writing.  Any and all originals and copies of Protected Material shall, at the request of the Designating Party, be returned to the party or destroyed, at the option of the Designating Party, within sixty (60) calendar days after a final judgment herein, settlement of this action with respect to the Designating Party or final

termination of this action in any other manner, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the court, each deposition transcript together with the exhibits marked at the deposition, one copy of each piece of correspondence, one copy of each document constituting or containing prior art, and documents constituting work product which were internally generated based upon, or which include, Protected Material.  In the event that outside counsel maintains such documents, it shall not disclose any Protected Material to any third party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

## NON-PARTIES

27.     Non-parties who produce information in this action may avail themselves of the provisions of this Order, and Protected Material produced by non-parties shall be treated by the parties in conformance with this Order, provided that a non-party may only obtain the protections of this Protective Order if, where feasible, electronically stored information is produced in its native format.

## INTERIM APPLICATION

28.     Until such time as this Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been so ordered.

## AMENDMENT BY FURTHER COURT ORDER

The Court reserves the right to amend this Order after giving the parties notice and an opportunity to be heard.

By signing this Order, the Court is not agreeing to be bound by any designations of the parties.  If any party wishes to file any material under seal, the party shall comply strictly with the requirements of S.D. Fla. L.R. 5.4 and show good cause for the sealing of such material.


**DONE and ORDERED** in chambers at Miami, Florida on July 12, 2012.


_____
**HON. ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**


*Copies to:*
Counsel of Record
U.S. Magistrate Judge

**EXHIBIT A**

Acknowledgement and Agreement To Be Bound by Protective Order

  I, _____ , acknowledge that I have received a copy of the Protective Order ("Order") in *Motorola Mobility, Inc. v. Apple Inc.*, Consolidated Case Nos. 1:10cv023580-Civ-RNS (S.D. Fla.) and 1:12cv020271-Civ-RNS (S.D. Fla.). Having read and understood its terms, I agree to be bound by the Order and consent to the jurisdiction of said Court for any proceeding to enforce the terms of the Order.

  Name of individual: _____

  Present occupation/job description: _____

_____

_____

  Name of Company or Firm: _____

  Address: _____

  Dated: _____

            _____

            [Signature]