**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:12-cv-20271-RNS-TEB**

| | |
|---|---|
| MOTOROLA MOBILITY LLC, | |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., | Consolidated Cases: |
| Defendant. | Case No. 1:10-cv-23580-RNS |
| | Case No. 1:12-cv-20271-RNS |
| APPLE INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| MOTOROLA MOBILITY LLC, | |
| Counterclaim Defendant. | |

**PROPOSED JOINT CLAIM CONSTRUCTIONS**

Pursuant to the Court's New Amended Scheduling Order of February 20, 2013, (D.E. 173) and the parties' Joint Motion filed on March 25, 2013, (D.E. 175) in part requesting an extension of the deadline for filing the parties' Proposed Joint Claim Constructions, Motorola Mobility LLC and Apple Inc. hereby jointly submit their Proposed Joint Claim Constructions in Exhibit A attached hereto.

Dated:  April 1, 2013                           Respectfully submitted,


<u>s/ Brian Ferguson</u>                              <u>s/ Edward M. Mullins</u>
Christopher R.J. Pace*                          Edward M. Mullins (Fla. Bar No. 863920)
christopher.pace@weil.com                       emullins@astidavis.com
Weil, Gotshal & Manges LLP                      Regan N. Kruse (Fla. Bar No. 84404)
1395 Brickell Avenue, Suite 1200                Astigarraga Davis Mullins & Grossman, P.A.
Miami, Florida  33131                           701 Brickell Avenue, 16th Floor
Tel.:  (305) 577-3100                           Miami, Florida  33131
Fax:  (305) 374-7159                            Tel.: (305) 372-8282 / Fax:  (305) 372-8202

Jill J. Schmidt*                                David A. Perlson*
jill.schmidt@weil.com                           davidperlson@quinnemanuel.com
Anne M. Cappella*                               Quinn Emanuel Urquhart & Sullivan, LLP
anne.cappella@weil.com                          50 California Street, 22nd Floor
Weil, Gotshal & Manges, LLP                     San Francisco, California  94111
201 Redwood Shores Parkway                      Tel.: (415) 875-6600 / Fax:  (415) 875-6700
Redwood Shores, California  94065-1134
Tel.:  (650) 802-3000                           Raymond N. Nimrod*
Fax:  (650) 802-3100                            raynimrod@quinnemanuel.com
                                                Quinn Emanuel Urquhart & Sullivan, LLP
Mark G. Davis*                                  51 Madison Avenue, 22nd Floor
Mark.davis@weil.com                             New York, New York  10010
Brian Ferguson*                                 Tel.: (212) 849-7000 / Fax:  (212) 849-7100
brian.ferguson@weil.com
Weil, Gotshal & Manges LLP                      David A. Nelson*
1300 Eye Street, NW, Suite 900                  davenelson@quinnemanuel.com
Washington, DC  20005                           Quinn Emanuel Urquhart & Sullivan, LLP
Tel.:  (202) 682-7000                           500 West Madison Street, Suite 2450
Fax:  (202) 857-0940                            Chicago, Illinois  60661
                                                Tel.: (312) 705-7400 / Fax:  (312) 705-7401
Michael T. Pieja*                               *Admitted pro hac vice
mpieja@bridgesmav.com
Kenneth H. Bridges*                             Counsel for Plaintiff and Counterclaim-
kbridges@bridgesmav.com                         Defendant Motorola Mobility LLC
Bridges & Mavrakakis LLP
3000 El Camino Real
One Palo Alto Square
Palo Alto, California  94306
Tel.: (650) 804-7800 / Fax:  (650) 852-9224

Matthew D. Powers*
matthew.powers@tensegritylawgroup.com
Steven S. Cherensky*
steven.cherensky@tensegritylawgroup.com

Paul T. Ehrlich*
paul.ehrlich@tensegritylawgroup.com
Azra Hadzemehmedovic*
azra@tensegritylawgroup.com
Monica Mucchetti Eno*
monica.eno@tensegritylawgroup.com
Stefani C. Smith*
stefani.smith@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway, Suite 401
Redwood Shores, California
Tel.:  (650) 802-6000
Fax:  (650) 802-6001

*Counsel for Defendant and Counterclaim-Plaintiff Apple Inc.*

# Exhibit A

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

### Parties' Joint Filing of Proposed Claim Constructions

Motorola's U.S. Patent No. 5,689,825:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| integrated battery charger and software downloader | 13, 14 | device capable of both providing charge to a battery and downloading software when coupled to a portable wireless communication unit | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. |
| software downloader | 13, 14 | device capable of downloading software | device that initiates a software download without user input |
| flag [,in the portable wireless communication unit,] that indicates availability of updated software | 13 | data that indicates availability of updated software | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: marker [in the portable wireless communication unit] that indicates that a software update is available |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Motorola's U.S. Patent No. 6,002,948:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| selecting a particular communication mode | 9 | selecting a particular communication mode from a plurality of communication modes shown | See below regarding "communication mode." Otherwise, plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. |
| communication mode | 9, 10, 11, 12 | form of communication governing the transfer of data between devices on a communications link over a network.  E.g., telephone interconnect, dispatch, short message service, packet data, or circuit data | A value indicating a protocol governing the transfer of data between devices on a communications link over a network. E.g., a value indicating telephone interconnect, dispatch, short message service, packet data, or circuit data. |
| mode independent identifier | 9 | identifier used to communicate with a subscriber over multiple communication modes | address that uniquely identifies and is used to access a second subscriber unit by the provider equipment each time a communication mode is selected |
| transmitting the mode independent identifier and the particular communication mode on a communication channel | 9 | plain meaning | transmitting the mode independent identifier and the particular communication mode together on a communication channel |
| provider equipment | 9 | equipment operated by at least one communication system provider | equipment owned and operated by a two-way communication system provider |
| wherein the [particular] communication mode is selected from among[1] | 10, 11, 12 | See above regarding "communication mode."  This is a closed phrase requiring selecting from among the listed modes and only those modes, | See above regarding "communication mode." This is a closed phrase requiring selecting from among the listed modes and only those modes, wherein the listed modes |

[1]  Note – the parties agree on the meaning of "wherein the [particular] communication mode is selected from among" in the 948 patent.

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Motorola's U.S. Patent No. 6,002,948:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | wherein the listed modes are available for selection on the subscriber unit. | are available for selection on the subscriber unit. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Motorola's U.S. Patent No. 6,463,534:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| attribute authority[2] | 1, 2 | authority that provides attribute certificates for assigning attributes | authority that provides attribute certificates for assigning attributes |
| attribute certificate | 1, 7 | signed digital certificate that contains information specifying rights to access software, services, systems configurations or other content | certificate used to verify an attribute authority |
| root public key certificate[3] | 1 | plain meaning | plain meaning |
| pre-loaded | 1 | plain meaning | factory installed |
| wireless network operator | 1 | entity that operates over the wireless network | entity that controls and operates the wireless network |
| attribute | 1, 2, 7, 8 | rights to access software, services, systems configurations or other content | software, service, right/permission or other content item[4] |
| purchased service certificate | 7 | certificate allowing rights in a purchased service | certificate corresponding to a purchased service |
| product certificate | 7 | certificate specifying rights in a product | certificate that ties a content item or subject to a fingerprint |
| system operations permissions[5] | 7 | system configuration rights | system configuration rights |

---

[2]   Note – the parties agree on the meaning of "attribute authority" in the '534 patent.

[3]   Note – the parties agree on the meaning of "root public key certificate" in the '534 patent.

[4]   Construction provided in Apple's Amended Exhibit A.

[5]   Note – the parties agree on the meaning of "system operations permissions" in the '534 patent.

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Motorola's U.S. Patent No. 7,024,183:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| storing a communication preference | 1 | maintaining a communication preference in memory | See below regarding "communication preference." Otherwise, plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. |
| communication means | 8 | Function:  communicating with a contact<br>Structure:  "one or more email addresses, one or more telephone numbers, one or more facsimile numbers, one or more messaging addresses and the like," as set forth at column 5 lines 61-65 and as shown as elements 225, 230, 235 and 240 of Figure. 2, and as further described in the abstract and at column 6 lines 8-17, and column 6 line 55 to column 7 line 26, and as shown as elements 320, 325, and 330 in Figure 3, along with their equivalents. | a destination address, such as a phone number, facsimile number, email address or messaging address |
| communication means for sequentially initiating communication with the contact[6] | 1 | Function:  sequentially initiating communication with the contact<br>Structure:  "one or more email addresses, one or more telephone numbers, one or more facsimile | Function:  sequentially initiating communication with the contact<br>Structure:  "one or more email addresses, one or more telephone numbers, one or more facsimile numbers, one or more |

---

[6] Note – the parties agree on the meaning of  "communication means for sequentially initiating communication with the contact" in the '183 patent.

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Motorola's U.S. Patent No. 7,024,183:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
|  |  | numbers, one or more messaging addresses and the like," as set forth at column 5 lines 61-65 and as shown as elements 225, 230, 235 and 240 of Figure 2, and as further described in the abstract and at column 6 lines 8-17, and column 6 line 55 to column 7 line 26, and as shown as elements 320, 325, and 330 in Figure 3, along with their equivalents. | messaging addresses and the like," as set forth at column 5 lines 61-65 and as shown as elements 225, 230, 235 and 240 of Figure. 2, and as further described in the abstract and at column 6 lines 8-17, and column 6 line 55 to column 7 line 26, and as shown as elements 320, 325, and 330 in Figure 3, along with their equivalents |
| communication connection | 1,8 | Plain meaning | An end-to-end connection with a contact |
| communication preference | 1, 9 | Plain meaning | A user-specified order of communication means |

6

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

<u>**Parties' Joint Filing of Proposed Claim Constructions**</u>

Motorola's U.S. Patent No. 7,243,072:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| instruction message that corresponds to spoken instructions | 1, 12, 23 | plain meaning | data representing a spoken instruction |
| mirrored database | 4, 15, 25 | a database that includes, for example, items that can be stored in the subscriber device that may change, such as phone books or address books | collection of structured data that is a identical to another collection of structure data |
| database including one of a parameter status and a mirrored database associated with the subscriber device | 4, 15, 25 | Plain meaning | collection of structured data including status information for each subscriber device |

7

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Motorola's U.S. Patent No. 7,509,148:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| in accordance with the size thereof | 1, 7 | In accordance with the size of the message | dependent on the determined size of the message |

8

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,046,721:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| unlock[ing] the [hand-held electronic] device | 1, 4, 7, 8 | transitioning from a lock state to an unlock state, wherein the lock state does not respond to user input for navigating between user interfaces, entry of data and activation or deactivation of functions | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: transition[ing] from a user-interface lock state to a user-interface unlock state. |
| Instructions to detect a contact with the touch-sensitive display at a first predefined location corresponding to an unlock image | 7 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: instructions to detect contact with the touch-sensitive display at a first predefined location where an unlock image is displayed. |
| Instructions to continuously move the unlock image on the touch-sensitive display in accordance with movement of the detected contact while continuous contact with the touch-sensitive display is maintained, wherein the unlock image is a graphical, interactive user-interface object with which a user interacts in order to unlock the device | 7 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: instructions to move the unlock image on the touch-sensitive display with movement of the detected contact without breaking contact with the touch-sensitive display, wherein the unlock image is a graphical, interactive user- interface object with which a user interacts in order to unlock the device. Further, "move the unlock image" as used in this limitation should be construed consistent with Judge Ungaro's claim |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,046,721:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | | construction for the phrase "moving [an/the] unlock image" in U.S. Patent No. 7,657,849, i.e., "motion of the unlock image in accordance with a particular gesture that the device recognizes as an unlocking gesture." |
| Instructions to unlock the hand-held electronic device if the unlock image is moved from the first predefined location on the touch screen to a predefined unlock region on the touch-sensitive display | 7 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | See above regarding "unlock." Otherwise, plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| cursor | 1, 14, 20, 26, 39, 45, 51, 64, 70 | a pointer that manipulates windows | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: "on-screen indication of a position that can be manipulated through the movement of a cursor control device" |
| being/is translucent | 2, 20, 27, 45, 52, 70 | translucent during the entire duration of display | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. |
| A machine readable media containing executable computer program instructions which when executed by a digital processing system cause said system to perform a method to display a user interface window, the method comprising: displaying a first window in response to receiving a first input from a user input device of the digital processing system which is capable of displaying at least a portion of a second window concurrently with the first | 26 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

11

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| window on a screen  [. . .] | | | |
| A machine readable media containing executable computer program instructions which when executed by a digital processing system cause said system to perform a method to display a user interface window, the method comprising: [. . .]  starting a timer | 26 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| A machine readable media containing executable computer program instructions which when executed by a digital processing system cause said system to perform a method to display a user interface window, the method comprising: [. . .] closing the first window in response to a determination that the timer expired | 26 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| A machine readable media containing executable computer program instructions which when | 45 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| executed by a digital processing system cause said system to perform a method to display a user interface window, the method comprising: displaying a first window, the first window being translucent, at least a portion of a second window being capable of being displayed on the digital processing system under the first window, the portion of the second window, when present, being visible under the first window on a screen [. . .] | | | understood by the trier of fact without the need for construction. |
| A machine readable media containing executable computer program instructions which when executed by a digital processing system cause said system to perform a method to display a user interface window, the method comprising: [. . .] closing the first window without user input, wherein the first | 45 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

13

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| window has been displayed independent from a position of a cursor on the screen | | | |
| Means for displaying a first window in response to receiving a first input from a user input device of the digital processing system which is capable of displaying at least a portion of a second window concurrently with the first window on a screen | 51 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | Function: displaying a first window in response to receiving a first input from a user input device of the digital processing system, which is capable of displaying at least a portion of a second window concurrently with the first window on a screen<br>Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that receives an input from a user input device (e.g., keyboard, mouse, track ball, touch pad, touch screen, joy stick, button, or others) and connected to a display controller and display device (e.g., an LCD display, a CRT monitor, a touch screen, or others) performing the function in accordance with the flow chart of Figures 12, 13, 14, or 15 (and accompanying text) and at least the disclosure at 2:42-49; 3:15-21; 3:50-54; 4:3-57; 5:13-31; 7:21-30; 8:4-15; 8:26-37; 8:50-9:6; 9:7-21 and Figs. 1, 8, 12, 13, 14, 15, 16, 19 of the '891 specification and equivalents. |
| Means for starting a timer | 51, 71 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification | Function: starting a timer<br>Structure: a processor (e.g., microprocessor |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | corresponding to the claimed functions. | 103) executing an operating system or an application program that performs the function in accordance with the flow chart of figures 13 and 14 (and accompanying text) and at least the disclosure at 2:42-50; 3:15-21; 3:30-37; 3:50-54; 4:3-57; 5:13-31; 5:65-66; 8:23; 8:37; and Figs. 13 and 14 of the '891 specification and equivalents. |
| Means for closing the first window in response to a determination that the timer expired | 51 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | Function: closing the first window in response to a determination that the timer expired. Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that performs the function in accordance with the flow chart of Figures 12, 13, or 14 (and accompanying text) and at least the disclosure at 2:28-31; 2:42-50; 3:15-24; 3:30-37; 3:50-54; 4:3-57; 5:13-31; 5:66-6:1; 6:21-25; 7:10-15; 7:32-35; 8:6-15; 8:23-25; 8:47-49 and Figs. 1, 9, 10, 12, 13, 14, 15, 20, 21 of the '891 specification and equivalents. |
| Means for displaying a first window, the first window being translucent, at least a portion of a second window being capable of being displayed on the digital processing system under the | 70 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | Function: displaying a first window, the first window being translucent. Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that receives an input from a user input device (e.g., keyboard, mouse, track ball, touch pad, touch screen, |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| first window, the portion of the second window, when present, being visible under the first window on a screen | | | joy stick, button, or others) and connected to a display controller and display device (e.g., a LCD display, a CRT monitor, a touch screen, or others) performing the function in accordance with the flow chart of Figures 12, 13, 14, or 15 (and accompanying text) and at least the disclosure at 2:42-49; 3:15-21; 3:50-54; 4:3-57; 5:13-31; 7:21-30; 8:4-15; 8:26-37; 8:50-9:6; 9:7-21 and Figs. 1, 8, 12, 13, 14, 15, 16, 19 of the '891 specification and equivalents. |
| Means for closing the first window without user input, wherein the first window has been displayed independent from a position of a cursor on the screen | 70 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | Function: closing the first window without user input Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that performs the function in accordance with the flow chart of Figures 12, 13, or 14 (and accompanying text) and at least the disclosure at 2:28-31; 2:42-52; 3:15-29; 3:30-37; 3:50-54; 4:3-57; 5:13-31; 5:66-6:1; 6:21-40; 7:10-15; 7:32-47; 8:6-15; 8:23-25; 8:26-49 and Figs. 1, 9, 10, 12, 13, 14, 15, 20, 21 of the '891 specification and equivalents. |
| Means for hiding the first | 59 | Indefinite under 112 ¶ 6 for failing to | Function: hiding the first window in |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| window in response to a third window being displayed at a location where the first window is displayed | | disclose structure in the specification corresponding to the claimed functions | response to a third window being displayed at a location where the first window is displayed<br>Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that performs the function in accordance with the flow chart of Figure 14 (and accompanying text) and at least the disclosure at Abstract; 2:62-3:8; 3:50-54; 4:3-57; 5:13-31; 6:61-66; 8:42-44; 9:30-34 and Figs. 1, 14 of the '891 specification and equivalents. |
| Means for determining a position on a display of the digital processing system independent of a position of a cursor on the display | 64 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | Function: determining a position on a display of the digital processing system independent of a position of a cursor on the display<br>Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that performs the function in accordance with the flow chart of Figure 14 (and accompanying text) and at least the disclosure at Abstract; 3:8-14; 3:50-54; 4:3-57; 5:13-31; 5:61-63; 6:43-51; 6:61-7:6; 7:26-30; 8:37-47 and Figs. 1, 11, 14 of the '891 specification and equivalents. |
| Means for restarting the | 66 | Indefinite under 112 ¶ 6 for failing to | Function: restarting the timer in |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| timer in response to receiving a second input for the first window | | disclose structure in the specification corresponding to the claimed functions | response to receiving a second input for the first window Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that performs the function in accordance with the flow chart of Figure 14 (and accompanying text) and at least the disclosure at 3:8-14; 3:45-54; 4:3-57; 5:13-31; 8:30-32; 8:37-42 and Figs. 1, 14 of the '891 specification and equivalents. |
| Means for receiving an input, the input not associated with a user input device of the digital processing system | 72 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | Function: receiving an input, the input not associated with a user input device of the digital processing system Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that receives an input not associated with a user input device of the digital processing system in accordance with the flow charts of Figures 12, 13, 14 and at least the disclosure at Abstract; 2:28-31; 2:42-52; 3:21-45; 3:50-54; 4:3-57; 5:13-31; 5:66-6:3; 6:26-40; 7:10-15; 7:32-49; 8:6-15; 8:23-25; 8:47-49; 9:34-40 and Figs. 1, 12, 13, 14 of the '891 specification and equivalents. |
| Means for determining | 73 | Indefinite under 112 ¶ 6 for failing to | Function: determining whether or not a |

18

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 7,853,891:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| whether or not a condition is met | | disclose structure in the specification corresponding to the claimed | condition is met<br>Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that determines whether or not a condition is met in accordance with the flow charts of Figures 12, 13, 14 and at least the disclosure at Abstract;<br>2:28-31; 2:42-52; 3:21-45; 3:50-54; 4:3-57; 5:13-31; 5:66-6:3; 6:26-40; 7:10-15; 7:32-49; 8:6-15; 8:23-25; 8:47-49; 9:34- 40 and Figs. 1, 12, 13, 14 of the '891 specification and equivalents. |
| Means for<br>fading out an image of the first window | 55, 74 | Indefinite under 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed | Function: fading out an image of the first window<br>Structure: a processor (e.g., microprocessor 103) executing an operating system or an application program that determines whether or not a condition is met in accordance with the flow charts of Figures 12, 13, 14 and at least the disclosure at Abstract;<br>2:33-41; 2:56-58; 3:21-24; 3:30-37; 6:21-40; 7:32-35; 8:6-15; 8:23-25; 8:47-49; 9:34-63 and Figs. 1, 12, 13, 14 of the '891 specification and equivalents. |

19

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,014,760:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| completely substitut[e/ing] display of the list [of interactive items] with display of contact information | 1, 8, 10, 12, 16, 18, 19, 21 | entirely replac[e/ing] the display of interactive items from a missed call list with the contact list entry | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: "Replac[e/ing] the display of the list of interactive items with the display of information for a selected contact." |
| non-telephonic communication modality | 1, 3, 8, 10, 12, 16, 18, 19, 21 | mode of communication that does not use a telephone number | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: "communication method other than one which conveys sound using a telephone." |
| contact object | 1, 3, 8, 10, 12, 16, 18, 19, 21 | a display element containing contact information | Plain and ordinary meaning in the context of the patent as understood by a person of ordinary skill in the art. Alternatively: "user selectable object that is associated with contact information for the selected contact" |
| display[ing] a list of interactive items for missed telephone calls, wherein each item in the list of interactive items includes a first interactive displayed portion and a second interactive displayed portion distinct | 8, 10 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,014,760:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| from the first interactive displayed portion | | | than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| immediately in response to detecting a finger gesture on the first interactive displayed portion of a respective user selected item in the list, initiat[e/ing] a return telephone call to a return telephone number associated with the respective user selected item | 1, 8, 10 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation |
| immediately in response to detecting a finger gesture on the second interactive displayed portion of the respective user selected item in the list, completely substituting display of the list of interactive items with display of contact information for a respective caller associated with the respective user selected item, the displayed contact information including a plurality of contact objects | 1, 8, 10 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,014,760:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| immediately in response to detecting user selection of the second contact object, initiat[e/ing] a communication with the respective caller via the non-telephonic communication modality corresponding to the second contact object | 1, 8, 10, 16, 19, 21 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| instructions that cause the device to, while displaying the list of interactive items comprising missed telephone calls, display, within a respective single item in the list, a number indicating a plurality of consecutive missed telephone calls | 9 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| display a list on the touch screen display, the list comprising a first plurality of interactive displayed items associated with telephone calls | 18 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,014,760:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | | claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| receive a finger tap input in the first interactive displayed portion of the interactive displayed item, and immediately in response to that input to initiate a return telephone call to a telephone number associated with that interactive displayed item | 12, 18 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| receive a finger tap input in the second interactive displayed portion of the interactive displayed item, and immediately in response to that input to completely substituting display of the list with display of display of contact information for a caller corresponding to that interactive displayed item, the displayed contact information including a plurality of contact objects | 12, 18 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,014,760:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| detect a user tap input with the second contact object, and immediately in response to that input, initiate a communication with the corresponding caller through the non-telephonic communication modality corresponding to the second contact object | 18 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| display[ing] a list of items, the list comprising a plurality of interactive displayed items associated with telephone calls | 16, 19, 21 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| detect[ing] a finger tap input at a first user selected interactive displayed item associated with both a missed telephone call and contact information, wherein the finger tap input is with | 16, 19, 21 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to |

24

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,014,760:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| the first interactive displayed portion of the selected interactive displayed item, and immediately in response to that input initiating a telephone call to a telephone number associated with the first user selected interactive displayed item | | | construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. |
| detect[ing] a finger tap input at a second user selected interactive displayed item associated with both a missed telephone call and contact information, where the finger tap input is with the second interactive displayed portion of the selected interactive displayed item, and immediately in response to that input completely substitut[e/ing] display of the list of interactive items with display of contact information for a caller corresponding to the second user selected interactive displayed item, the displayed contact | 16, 19, 21 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. rather than a term. |

25

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,014,760:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| information including a plurality of contact objects | | | |
| immediately in response to detecting user selection of the second contact object, initiat[e/ing] a communication with the corresponding caller through the non-telephonic communication modality corresponding to the second contact object | 1, 8, 10, 16, 19, 21 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Motorola improperly requests the court to construe an entire claim limitation rather than a term. See Apple's proposed construction for individual terms contained within this limitation. rather than a term. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,031,050:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| invocable speed reference | 1-6, 11 | content that is pushed to the data processing system | Speed reference: "a phone number"<br><br>Apple contends that the remainder of this phrase, e.g., the term "invocable," does not require construction. The plain and ordinary meaning of this word, in the context of the patent, will be readily understood by the trier of fact without the need for further construction. |
| situational location of a user | 1, 5, 6, 11 | one or more factors, including at least the location of the data processing system | Situational location: "location, direction, location and direction, proximity to a location, state change, or location and/or direction relative to a previous location and/or direction, time criteria, delivery activation settings, or combinations thereof. "<br>Apple contends that the remainder of this phrase, e.g., the words "of a user," does not require construction. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for further construction. |
| data processing system | 1, 5, 6, 11 | device | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

27

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| character string being input by a user with the keyboard | 1, 2, 18, 19, 20 | data representing a sequence of characters being input from a user's selection of keys on a keyboard | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "character string" should be construed. <u>Character string</u>: "a sequence of non-whitespace characters" |
| current character [string/set] | 1, 2, 9, 10, 12, 13, 15, 18, 19, 20, 21, 26, 27, 28, 32, 33 | the default interpretation of data representing a sequence of characters | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "character string" should be construed, as set forth herein. Further, Apple's position is that "character set" should have the same construction as "character string." |
| replac[e/ing] the current character string | 1, 2, 9, 13, 19, 20, 21, 27, 28, 32 | a current character string is removed, and a different character string is subsequently put in its place | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | | Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "character string" should be construed, as set forth herein. |
| the current character string in the first area is replaced | 18 | a current character string is removed, and a different character string is subsequently put in its place | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "character string" should be construed, as set forth herein. |
| keep[ing] the current character string | 1, 2, 19, 20 | leav[e/ing] the current character string as is | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "character string" should be construed, as set forth herein. |
| the current character string in the first area is kept | 18 | leave the current character string as is | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | | understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "character string" should be construed, as set forth herein. |
| accepting the current character string | 28, 32 | leav[e/ing] the current character string as is | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "character string" should be construed, as set forth herein. |
| replacing the current character string with the suggested replacement character string, and appending a punctuation mark at the end of the replacement character string | 21, 27 | replacing the current character string with a character string composed of the suggested replacement character string followed by a punctuation mark | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| replacing the current | 32 | replacing the current character string | No construction is necessary. This term is |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| character string with the suggested replacement character string in combination with the first punctuation mark | | with a character string composed of the suggested replacement character string and a first punctuation mark | not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction.<br>Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| replacing the current character string with the suggested replacement character string in combination with a [first/second] punctuation mark | 28, | replacing the current character string with a character string composed of the suggested replacement character string and a first punctuation mark | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction.<br>Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| replacing the current character set with the suggested replacement character set and adding at the end of said character set a punctuation mark | 33 | replacing the current character set with a character string composed of the suggested replacement character set followed by a punctuation mark | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction.<br>Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character set" should be construed, as set forth herein. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| instructions for displaying, in a first area of the touch screen display, a current character string being input by a user with the keyboard | 19 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| instructions for displaying, in a second area of the touch screen display separate from the first area, the current character string and a suggested replacement character string for the current character string | 19 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| instructions for replacing the current character string in the first area with the suggested replacement character string if the user activates a key on the keyboard associated with a delimiter | 19 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" |

32

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | | should be construed, as set forth herein. |
| instructions for replacing the current character string in the first area with the suggested replacement character string displayed in the second area | 19 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| instructions for keeping the current character string in the first area if the user performs a second gesture in the second area on the current character string or the portion thereof displayed in the second area | 19 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| instructions which, when executed by a portable electronic device with a touch screen display cause the portable electronic device to:  in a first area of the touch screen display, display a current character string | 20 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, |

33

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| being input by a user with the keyboard | | | Apple's position is that "character string" should be construed, as set forth herein. |
| instructions, which when executed by a portable electronic device with a touch screen display cause the portable electronic device to [. . .] in a second area of the touch screen display separate from the first area, display the current character string or a portion thereof and a suggested replacement character string for the current character string | 20 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| instructions, which when executed by a portable electronic device with a touch screen display cause the portable electronic device to [. . .] replace the current character string in the first area with the suggested replacement character string if the user activates a key on the keyboard associated with a delimiter | 20 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| instructions, which when executed by a portable | 20 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the | No construction is necessary. This term is not subject to §112 ¶6. The plain and |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| electronic device with a touch screen display cause the portable electronic device to [. . . ] replace the current character string in the first area with the suggested replacement character string if the user performs a first gesture on the suggested replacement character string displayed in the second area | | specification corresponding to the claimed functions. | ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions, which when executed by a portable electronic device with a touch screen display cause the portable electronic device to [. . . ] keep the current character string in the first area if the user performs a second gesture in the second area on the current character string or the portion thereof displayed in the second area" | 20 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions, [. . . ] comprising [. . . ] receiving a plurality of user inputs of characters through the keyboard" | 21 & 27 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| "instructions, [ . . . ] comprising [ . . . ] displaying on the display a current character string as input by the user" | 21, 28 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions, [which when executed by a portable electronic device with a display and a keyboard, cause the portable electronic device to perform a method comprising . . . ] displaying a suggested replacement character string for the current character string" | 21 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions, [ . . . ] comprising [ . . . ] receiving a further user input through a punctuation mark key of the keyboard" | 21 & 27 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| "instructions, [ . . . ] comprising [ . . . ] | 21 & 27 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the | No construction is necessary. This term is not subject to §112 ¶6. The plain and |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| in response to the further user input, replacing the current character string with the suggested replacement character string, and appending a punctuation mark at the end of the replacement character string, the punctuation mark corresponding to the punctuation mark key through which the further user input was received" | | specification corresponding to the claimed functions. | ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction.<br>Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] displaying a current character string as input by the user" | 27 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction.<br>Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] displaying on the display a suggested replacement | 28, 32 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| character string for the current character string" | | | Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] receiving a further user input of a single touch, wherein the portable electronic device is configured to receive the further single user input to perform a selected character string function of a plurality of possible character string functions depending on where the further single user input is received" | 28 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. This term is not subject to §112 ¶6. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] replacing the current character string with the suggested replacement character string in response to a single user input at a first location" | 28 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] replacing the current character string with the suggested replacement character string in combination with a first punctuation mark in response to a single user input at a second location, the second location being a first punctuation mark key on the keyboard corresponding to the first punctuation mark" | 28 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] replacing the current character string with the suggested replacement character string in combination with a second punctuation mark in response to a single user input at a third location, the third location being a second | 28 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| punctuation mark key on the keyboard corresponding to the second punctuation mark" | | | |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] accepting the current character string in response to a single user input at a fourth location" | 28 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] receiving a plurality of user inputs of characters through a virtual keyboard" | 32 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] displaying on the touch screen display a current character string as input by the user" | 32 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| | | | Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] displaying on the display a suggested replacement character string for the current character string" | 32 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] in response to a first user input at a first location, replacing the current character string with the suggested replacement character string" | 32 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . . ] in response to a second user input at a virtual punctuation mark key corresponding to a | 32 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| first punctuation mark, replacing the current character string with the suggested replacement character string in combination with the first punctuation mark" | | | determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions that, when executed by the one or more processors, perform operations comprising [. . .] in response to a third user input at a third location, accepting the current character string" | 32 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions, which when executed by a portable electronic device with a touch screen display, cause the portable electronic device to [. . .] receiving a plurality of user character inputs through the touch screen display of the portable electronic device" | 33 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| "instructions, which when executed by a portable | 33 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the | No construction is necessary. This term is not subject to §112 ¶6. The plain and |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

### Parties' Joint Filing of Proposed Claim Constructions

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| electronic device with a touch screen display, cause the portable electronic device to [. . .] displaying on the touch display a current character string as input by a user" | | specification corresponding to the claimed functions. | ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions, which when executed by a portable electronic device with a touch screen display, cause the portable electronic device to [. . .] while displaying the current character string, also displaying a suggested replacement character string for the current character string" | 33 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character string" should be construed, as set forth herein. |
| "instructions, which when executed by a portable electronic device with a touch screen display, cause the portable electronic device to [. . .] receiving a single touch user selection input through one of the plurality of the virtual punctuation mark key" | 33 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,074,172:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| "instructions, which when executed by a portable electronic device with a touch screen display, cause the portable electronic device to [. . . ] in response to the single touch user selection input, replacing the current character set with the suggested replacement character set and adding at the end of said character set a punctuation mark corresponding to the virtual punctuation mark key through which the input was received" | 33 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that "character set" should be construed, as set forth herein. |

***Motorola Mobility LLC v. Apple Inc.***
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,099,332:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| display object | 1, 13, 24 | graphical representation of application on home screen(s) [of a mobile device] | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, if the court believes that construction is required, the term should be construed as follows: Display object: "an object displayed on the screen" |
| menu item(s) | 1, 13, 24, 25 | tab(s) | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| application object(s) | 1, 3, 5, 8, 12, 13, 15, 17, 20, 24, 25 | graphical element corresponding to content not currently installed on the mobile device and presenting information about the content | a graphical element that includes information associated with a particular application |
| tab(s) | 4, 12, 14 | persistently visible object(s) within menu portion providing access to feature(s) of application management interface | No construction is necessary. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| "[operable to perform operations including] / [instructions that when executed on a server cause the server to perform | 13, 24 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the |

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,099,332:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| operations comprising]: receiving a touch input to a first display object in a graphical user interface, the first display object being associated with an application management interface on a mobile device" | | | need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "display object" should be construed. |
| "[operable to perform operations including] / [instructions that when executed on a server cause the server to perform operations comprising]: [. . . ] presenting the application management interface in response to the received touch input, the application management interface including a plurality of menu items wherein each menu item is associated with different criteria for presenting application objects corresponding to respective applications available for installation" | 13, 24 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "application object" should be construed.[7] |

---

[7]   Apple left out the second half of this term in its proposed constructions.

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,099,332:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| "[operable to perform operations including] / [instructions that when executed on a server cause the server to perform operations comprising]: [. . . ] presenting one or more application objects within the application management interface according to the criteria for a particular menu item, the one or more application objects corresponding to respective applications available for installation on the mobile device" | 13, 24 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to § 112 P 6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "application object" should be construed. |
| "[operable to perform operations including] / [instructions that when executed on a server cause the server to perform operations comprising]: [. . . ] receiving one or more inputs within the application management interface including an input to install a particular selected application" | 13, 24 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |

47

*Motorola Mobility LLC v. Apple Inc.*
S.D. Fla. Case No. 1:12-cv-20271

**Parties' Joint Filing of Proposed Claim Constructions**

Apple's U.S. Patent No. 8,099,332:

| Claim Term | Claim No. | Motorola's Proposed Construction | Apple's Proposed Construction |
|---|---|---|---|
| "[operable to perform operations including] / [instructions that when executed on a server cause the server to perform operations comprising]: [. . .] installing the selected application on the mobile device" | 13, 24 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. |
| "[operable to perform operations including] / [instructions that when executed on a server cause the server to perform operations comprising]: [. . .] presenting a second display object associated with the installed application" | 13, 24 | Indefinite under 35 U.S.C. § 112 ¶ 6 for failing to disclose structure in the specification corresponding to the claimed functions. | No construction is necessary. This term is not subject to §112 ¶6. The plain and ordinary meaning of these words, in the context of the patent, will be readily understood by the trier of fact without the need for construction. Alternatively, to the extent that the Court determines that a construction is necessary, Apple's position is that only "display object" should be construed. |