**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:12-cv-20271-SCOLA

MOTOROLA MOBILITY, INC.,

    Plaintiff,

vs.

APPLE INC.,

    Defendant.

_____/

**ORDER DENYING REQUEST FOR A CASE-MANAGEMENT CONFERENCE AND**
**EXTENDING MARKMAN BRIEFING DEADLINES**

    The present posture of this case brings to mind the adage of being careful what you wish for because you just might get it. Both Apple and Motorola greatly expanded the scope of this patent litigation by, among other things, supplementing patent infringement and invalidity contentions. The litigation now includes over 180 claims asserted from the 12 patents, and the parties dispute the meaning of over 100 terms from those claims. The Court will have to address these disputes through the *Markman* process, a task the parties recognize is "unrealistic." (DE 175 at 2.) Although the parties agree that the case needs to be simplified, "primarily through voluntarily agreeing to drop patents and claims from the case," the parties unsurprisingly have been unable to agree on how to accomplish this goal. (*Id.*) Without a hint of irony, the parties now ask the Court to mop up a mess they made by holding a hearing to reduce the size and complexity of the case. (*Id.*) The Court declines this invitation.

    Most parties that come before the Court are trying to resolve their legal dispute as expeditiously, efficiently, and fairly as possible so that they can get on with their business or personal lives. During the course of litigation, disagreements will necessarily arise—indeed, one could describe cases as disagreements themselves—and the Court understands its role is to resolve those disagreements, a task it is accustomed to handling. But in the present case, the parties' obstreperous and cantankerous conduct—combined with the existence of similar cases by the same parties or their affiliates throughout the world—makes it plain that the parties have no interest in efficiently and expeditiously resolving this dispute; they instead are using this and

similar litigation worldwide as a business strategy that appears to have no end. That is not a proper use of this Court.

Perhaps because the parties correctly suspected that the Court would balk at their request to clean up their mess, the parties also suggest delaying the *Markman* process until they can narrow the case themselves. Since that puts the onus where it belongs, that is what the Court will do.

The Court therefore **ORDERS** as follows:

1. The parties joint request for a case-management conference (DE 175) to narrow the case is **DENIED**.

2. The *Markman* process is pushed back by approximately four months. The opening *Markman* brief is due August 5, 2013, and the reply *Markman* brief is due August 26, 2013. The *Markman* hearing is set for September 20, 2013. The Court expects that the parties will use this time to narrow the case to a manageable scope themselves. If the parties cannot make this case manageable, the Court forewarns them that it intends to stay the litigation while the *Markman* issues are pending and issue a decision as expeditiously as the parties deserve.

3. An amended scheduling order will be entered shortly that extends other deadlines in a similar fashion.

**DONE and ORDERED** in chambers, at Miami, Florida on April 9, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**