# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-20271-Civ-SCOLA

| | |
|---|---|
| MOTOROLA MOBILITY LLC, | |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| APPLE INC., | Consolidated Cases: |
| Defendant. | Case No. 1:10-cv-23580-RNS<br>Case No. 1:12-cv-20271-RNS |
| APPLE INC., | |
| Counterclaim Plaintiff, | |
| v. | |
| MOTOROLA MOBILITY LLC | |
| Counterclaim Defendant. | |

## JOINT STIPULATION AND ORDER OF
## PARTIAL DISMISSAL WITH RESPECT TO CERTAIN PATENTS

IT IS HEREBY STIPULATED AND AGREED, by and between Motorola Mobility LLC and Apple Inc. (collectively, the "Parties"), in accordance with Rule 41 of the Federal Rules of Civil Procedure and subject to the approval and Order of the Court, that:

1.    For the purposes of this Stipulation, "**Motorola Mobility LLC**" means only Motorola Mobility LLC and its predecessors and does not include or encompass any separate entity, including but not limited to any entity (1) that now or hereafter directly or indirectly controls Motorola Mobility LLC, including but not limited to Google Inc.; (2) that now or hereafter is under the common control of Motorola Mobility LLC and any other entity; (3) that now or hereafter is a

sibling entity to Motorola Mobility LLC; or (4) that survives a merger between Motorola Mobility LLC and any other entity.  However, nothing in this paragraph alters the dismissal of the claims by Apple Inc. of infringement of the Group One Dismissed Apple Inc. Patents (defined below) by the Accused Motorola Mobility LLC Product(s) or Service(s) (defined below) as set forth in paragraph 9, or the covenants set forth in that same paragraph.

2.      For the purposes of this Stipulation, "**Apple Inc.**" means only Apple Inc. and its predecessors and does not include or encompass any separate entity, including but not limited to any entity (1) that now or hereafter directly or indirectly controls Apple Inc.; (2) that now or hereafter is under the common control of Apple Inc. and any other entity; (3) that now or hereafter is a sibling entity to Apple Inc.; or (4) that survives a merger between Apple Inc. and any other entity. However, nothing in this paragraph alters the dismissal of the claims by Motorola Mobility LLC of infringement of the Group One Dismissed Motorola Mobility LLC Patents (defined below) by the Accused Apple Inc. Product(s) or Service(s) (defined below) as set forth in paragraph 19, or the covenants set forth in that same paragraph.

3.      For the purposes of this Stipulation, "**control**" means ownership interests representing more than 50% of the election of directors or similar managing authority of either Motorola Mobility LLC or Apple Inc.

4.      For the purposes of this Stipulation, "**Accused Motorola Mobility LLC Product(s) or Service(s)**" means the Motorola Mobility LLC products or services identified in Apple Inc.'s December 14, 2012, Statement of Accused Products filed with the Court (D.E. 151).  For the avoidance of doubt, "Accused Motorola Mobility LLC Product(s) or Service(s)" does not include any Google Inc. products or services.

5.       For the purposes of this Stipulation, "**Accused Apple Inc. Product(s) or Service(s)**" means the Apple Inc. products or services identified in Motorola Mobility LLC's December 14, 2012, Amended Infringement Contentions and Statement of Accused Products filed with the Court (D.E. 152).

6.       For the purposes of this Stipulation, the "**Asserted Apple Inc. Patents**" means U.S. Patent Nos. 5,583,560 ("the '560 patent"); 5,594,509 ("the '509 patent"); 5,621,456 ("the '456 patent"); 7,657,849 ("the '849 patent"); 8,046,721 ("the '721 patent"); 7,853,891 ("the '891 patent"); 8,014,760 ("the '760 patent"), 8,031,050 ("the '050 patent"), 8,074,172 ("the '172 patent"); and 8,099,332 ("the '332 patent").

7.       For the purposes of this Stipulation, the "**Group One Dismissed Apple Inc. Patents**" means the '509 patent, the '456 patent, and the '849 patent.

8.       For the purposes of this Stipulation, the "**Group Two Dismissed Apple Inc. Patents**" means the '721 patent, the '891 patent, and the '172 patent.

9.       All claims, counterclaims, and requests for relief by Apple Inc. against Motorola Mobility LLC based on infringement of the Group One Dismissed Apple Inc. Patents by the Accused Motorola Mobility LLC Product(s) or Service(s) in the past, present, or future are hereby dismissed with prejudice, whereby Apple Inc. hereby agrees and covenants that Apple Inc. from this date forth will not assert any infringement or other claim based on the Group One Dismissed Apple Inc. Patents against the Accused Motorola Mobility LLC Product(s) or Service(s).

10.      All of Motorola Mobility LLC's claims, counterclaims, defenses (including allegations of invalidity and unenforceability), and requests for relief relating to the Group One Dismissed Apple Inc. Patents are hereby dismissed without prejudice.

11.     All claims, counterclaims, and requests for relief by Apple Inc. against Motorola Mobility LLC based on infringement of the Group Two Dismissed Apple Inc. Patents by any Accused Motorola Mobility LLC Product(s) or Service(s) are hereby dismissed without prejudice.

12.     All of Motorola Mobility LLC's claims, counterclaims, defenses (including allegations of invalidity and unenforceability), and requests for relief relating to the Group Two Dismissed Apple Inc. Patents are hereby dismissed without prejudice.

13.     Apple Inc. may continue to pursue only its infringement claims and/or other causes of action in the above-captioned action against Motorola Mobility LLC relating to the Asserted Apple Inc. Patents that are not the Group One Dismissed Apple Inc. Patents or the Group Two Dismissed Apple Inc. Patents.

14.     Except as limited by Paragraph 13,  Apple Inc. expressly retains its right to pursue infringement claims and/or other causes of action relating to any of the Asserted Apple Inc. Patents that are not the Group One Dismissed Apple Inc. Patents against Motorola Mobility LLC in any claims currently pending in any jurisdiction or tribunal in the world as well as in any future claims.

15.     Apple Inc. expressly retains its right to pursue infringement and/or other causes of action relating to the Asserted Apple Inc. Patents—including claims currently pending in any jurisdiction or tribunal in the world as well as any future claims—against any entity other than Motorola Mobility LLC, regardless of whether such causes of action are based on or relate to the construction, functionality, or operation of a product or service that is the same as or not colorably different from the construction, functionality, or operation of the Accused Motorola Mobility LLC Product(s) or Service(s); except that Apple Inc. will not assert or pursue infringement or other causes of action based on the Group One Dismissed Apple Inc. Patents against any other entity wherein

such infringement or other cause(s) of action is based on the Accused Motorola Mobility LLC Product(s) or Service(s).

16.     For the purposes of this Stipulation, the "**Asserted Motorola Mobility LLC Patents**" means U.S. Patent Nos. 5,710,987 ("the '987 patent"); 5,754,119 ("the '119 patent"); 5,958,006 ("the '006 patent"); 6,008,737 ("the '737 patent"); 6,101,531 ("the '531 patent"); 6,377,161 ("the '161 patent"); 5,689,825 ("the '825 patent"); 6,002,948 ("the '948 patent"); 6,463,534 ("the '534 patent"), 7,024,183 ("the '183 patent"), 7,243,072 ("the '072 patent"); and 7,509,148 ("the '148 patent").

17.     For the purposes of this Stipulation, the "**Group One Dismissed Motorola Mobility LLC Patents**" means the '987 patent, the '006 patent, and the '161 patent.

18.     For the purposes of this Stipulation, the "**Group Two Dismissed Motorola Mobility LLC Patents**" means the '825 patent, the '948 patent, the '534 patent, the '183 patent,  and the '148 patent.

19.     All claims, counterclaims, and requests for relief by Motorola Mobility LLC against Apple Inc. based on infringement of the Group One Dismissed Motorola Mobility LLC Patents by the Accused Apple Inc. Product(s) or Service(s) in the past, present, or future are hereby dismissed with prejudice, whereby Motorola Mobility LLC hereby agrees and covenants that Motorola Mobility LLC from this date forth will not assert any infringement or other claim based on the Group One Dismissed Motorola Mobility LLC Patents against the Accused Apple Inc. Product(s) or Service(s).

20.     All of Apple Inc.'s claims, counterclaims, defenses (including allegations of invalidity and unenforceability), and requests for relief relating to the Group One Dismissed Motorola Mobility LLC Patents are hereby dismissed without prejudice.

21.     All claims, counterclaims, and requests for relief by Motorola Mobility LLC against Apple Inc. based on infringement of the Group Two Dismissed Motorola Mobility LLC Patents by any Accused Apple Inc. Product(s) or Service(s) are hereby dismissed without prejudice.

22.     All of Apple Inc.'s claims, counterclaims, defenses (including allegations of invalidity and unenforceability), and requests for relief relating to the Group Two Dismissed Motorola Mobility LLC Patents are hereby dismissed without prejudice.

23.     Motorola Mobility LLC may continue to pursue only its infringement claims and/or other causes of action in the above-captioned action against Apple Inc. relating to the Asserted Motorola Mobility LLC Patents that are not the Group One Dismissed Motorola Mobility LLC Patents or the Group Two Dismissed Motorola Mobility LLC Patents.

24.     Except as limited by Paragraph 23, Motorola Mobility LLC expressly retains its right to pursue infringement claims and/or other causes of action relating to any of the Asserted Motorola Mobility LLC Patents that are not the Group One Dismissed Motorola Mobility LLC Patents against Apple Inc. in any claims currently pending in any jurisdiction or tribunal in the world as well as in any future claims.

25.     Motorola Mobility LLC expressly retains its right to pursue infringement and/or other causes of action relating to the Asserted Motorola Mobility LLC  Patents—including claims currently pending in any jurisdiction or tribunal in the world as well as any future claims—against any entity other than Apple Inc., regardless of whether such causes of action are based on or relate to the construction, functionality, or operation of a product or service that is the same as or not colorably different from the construction, functionality, or operation of the Accused Apple Inc. Product(s) or Service(s); except that Motorola Mobility LLC will not assert or pursue infringement or other causes of action based on the Group One Dismissed Motorola Mobility LLC Patents against

any other entity wherein such infringement or other cause(s) of action is based on the Accused Apple Inc. Product(s) or Service(s).

26.     Other than as agreed and covenanted to by the Parties above, the Parties do not intend for this Stipulation to have any preclusive effect on the issues of infringement, validity, or enforceability of any claim of the Group One Dismissed Apple Inc. Patents, the Group Two Dismissed Apple Inc. Patents, the Group One Dismissed Motorola Mobility LLC Patents, or the Group Two Dismissed Motorola Mobility LLC Patents, with the exception that the Parties agree in any future action between the Parties, or any future action involving the Group One Dismissed Apple Inc. Patents asserted against Motorola products, or the Group One Dismissed Motorola Mobility LLC Patents asserted against Apple products, to be bound by the claim construction order issued by the Court in this action, dated December 1, 2011 ("the Florida Claim Construction Order"), to the extent that the Florida Claim Construction Order construed terms from the Group One Dismissed Apple Inc. Patents and/or the Group One Dismissed Motorola Mobility LLC Patents. Additionally, in any future action (1) brought by Apple against ARRIS Group, Inc. ("Arris") that includes claims of infringement of the Group One Dismissed Apple Inc. Patents, Apple agrees to be bound by the Florida Claim Construction Order if Arris also agrees to be so bound; or (2) brought by Apple against Google Inc. ("Google") that includes claims of infringement of the Group One Dismissed Apple Inc. Patents, Apple agrees to be bound by the Florida Claim Construction Order if Google also agrees to be so bound.

27.     Motorola Mobility LLC and Apple Inc. hereby agree that any subsequent sale, transfer, or assignment of the Group One Dismissed Apple Inc. Patents and/or the Group One Dismissed Motorola Mobility LLC Patents will be made subject to the representations, dismissals and covenants provided and granted herein concerning the Group One Dismissed Apple Inc. Patents

and/or the Group One Dismissed Motorola Mobility LLC Patents, such that any subsequent owners or assignees of the Group One Dismissed Apple Inc. Patents and/or the Group One Dismissed Motorola Mobility LLC Patents will be bound by the representations, dismissals and covenants provided herein.

      28.     Motorola Mobility LLC and Apple Inc. shall each bear their own costs and fees concerning the dismissed claims, counterclaims, defenses, and requests for relief set forth above.

Dated:  July 29, 2013                Respectfully submitted,

*s/ Brian Ferguson*
Christopher R.J. Pace*
christopher.pace@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
Tel.: (305) 577-3100 / Fax: (305) 374-7159

Jill J. Schmidt*
jill.schmidt@weil.com
Anne M. Cappella*
anne.cappella@weil.com
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065-1134
Tel.: (650) 802-3000 / Fax: (650) 802-3100

Mark G. Davis*
Mark.davis@weil.com
Brian Ferguson*
brian.ferguson@weil.com
Weil, Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC  20005
Tel.: (202) 682-7000 / Fax: (202) 857-0940

*s/ Edward M. Mullins*
Edward M. Mullins (Fla. Bar No. 863920)
emullins@astidavis.com
Regan N. Kruse (Fla. Bar No. 84404)
Astigarraga Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Tel.: (305) 372-8282 / Fax:  (305) 372-8202

Charles K. Verhoeven*
charlesverhoeven@quinnemanuel.com
David A. Perlson*
davidperlson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, California  94111
Tel.: (415) 875-6600 / Fax:  (415) 875-6700

Edward J. DeFranco*
eddefranco@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York  10010
Tel.: (212) 849-7000 / Fax:  (212) 849-7100

Michael T. Pieja*
mpieja@bridgesmav.com
Kenneth H. Bridges*
kbridges@bridgesmav.com
Bridges & Mavrakakis LLP
3000 El Camino Real
One Palo Alto Square
Palo Alto, California  94306
Tel.: (650) 804-7800 / Fax: (650) 852-9224

Matthew D. Powers*
matthew.powers@tensegritylawgroup.com
Steven S. Cherensky*
steven.cherensky@tensegritylawgroup.com
Paul T. Ehrlich*
paul.ehrlich@tensegritylawgroup.com
Azra Hadzemehmedovic*
azra@tensegritylawgroup.com
Monica Mucchetti Eno*
monica.eno@tensegritylawgroup.com
Stefani C. Smith*
stefani.smith@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway, Suite 401
Redwood Shores, California
Tel.: (650) 802-6000 / Fax: (650) 802-6001

*Counsel for Defendant and Counterclaim-
Plaintiff Apple Inc.*

David A. Nelson*
davenelson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois  60661
Tel.: (312) 705-7400 / Fax:  (312) 705-7401
*Admitted pro hac vice*

*Counsel for Plaintiff and Counterclaim-Defendant
Motorola Mobility LLC*

Since the Court chastised the parties for their conduct in this case in a previous order, it is only fair to commend and praise the parties for reaching this stipulation that moves the case in the right direction.

**DONE and ORDERED** in chambers, at Miami, Florida, on July 31, 2013.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**