IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. 1:12-cv-20271-SCOLA

| | |
|---|---|
| MOTOROLA MOBILITY LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>APPLE INC.,<br><br>      Defendant. | **Consolidated Cases** |
| APPLE INC.,<br><br>      Counterclaim Plaintiff,<br><br>vs.<br><br>MOTOROLA MOBILITY LLC,<br><br>      Counterclaim Defendant. | Case No. 1:10-cv-23580-SCOLA<br>Case No. 1:12-cv-20271-SCOLA |

**MOTOROLA MOBILITY LLC'S RESPONSE TO APPLE'S MOTION
FOR LEAVE TO TAKE CERTAIN DEPOSITIONS
<u>AFTER THE CLOSE OF FACT DISCOVERY (D.E. 264)</u>**

Motorola agrees with the basic premise of Apple's Motion for Leave to Take Depositions After the Close of Fact Discovery ("Motion for Leave")—that certain depositions could not be completed prior to December 10, 2013, and that the case schedule should be adjusted accordingly. Indeed, Motorola seeks precisely this relief in its pending Motion to Extend Discovery Deadline and Modify Case Schedule ("Motion to Extend"). (D.E. 259.) Contrary to the implication in Apple's Motion for Leave, however, both parties need to take discovery after the December 10 deadline. For example, Apple agreed to provide a witness on numerous of Motorola's Rule 30(b)(6) topics and does not object to Motorola taking the depositions after December 10, but it still has provided no dates for such topics. For its part, Motorola now has identified witnesses and provided dates for most of the remaining Rule 30(b)(6) deposition topics it has agreed to provide.[1]

Despite the acknowledgement of both parties that the schedule needs to change so that both parties can take discovery after the existing December 10 cut-off, Apple's Motion for Leave seeks only a one-sided extension that, if granted, would give Apple leave to complete discovery after December 10, but would not provide Motorola permission to do so. The better approach to completing fact discovery after December 10 is for the Court to grant Motorola's pending Motion to Extend, which would grant <u>both</u> parties an extension of time to complete the remainder of discovery and also alter the deadlines for expert discovery and dispositive motions to accommodate this necessary discovery. (D.E. 259) This Court simply should resolve the parties' pending dispute regarding the case schedule by granting Motorola's Motion to Extend, which is pending before the District Judge and will moot Apple's pending Motion for Leave, which is pending before the Magistrate Judge.

---

[1] As the Court is aware, both parties have sought to compel additional depositions and discovery. (D.E. 260, 261, 263.)

## FACTUAL BACKGROUND

The factual background regarding the parties' efforts to complete fact discovery by December 10, and the discovery that still remains, is detailed in Motorola's Motion to Extend. (D.E. 259.) Also explained in Motorola's motion is the history of the parties' negotiations to extend the schedule. (*Id.*) Recognizing that the parties could not practically complete all of the remaining fact discovery by December 10, Motorola proposed the parties jointly request a modification to the schedule extending the fact discovery deadline. The parties exchanged proposals, but on the morning of December 9, Apple rejected Motorola's latest proposal. Apple neither provided an explanation, nor made a counter-proposal. Even more, Apple did not indicate that a counter-proposal even would be made. Its counsel confirmed on the morning of December 10 that it did not have a counter-proposal. Instead, on December 10, Apple filed its one-sided Motion for Leave.

After Apple's change in position regarding its willingness to mutually propose an extension to the case schedule, Motorola filed its pending Motion to Extend. Motorola has continued to provide dates for outstanding depositions that it previously agreed to provide, without objecting to those depositions taking place after December 10. Apple still has made no proposal for how to complete the discovery Motorola seeks after December 10, even though Apple claims it will provide witnesses on several outstanding 30(b)(6) topics and will produce missing source code. (*See* D.E. 259.)

## ARGUMENT

Apple's pending Motion for Leave supports the arguments in Motorola's pending Motion to Extend. Apple cannot dispute that there is outstanding fact discovery that could not be completed before December 10 and therefore good cause to modify the case schedule. Indeed,

2

having filed its own Motion for Leave, Apple cannot refute the arguments in Motorola's Motion to Extend.

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the District Court may modify a pretrial schedule "for good cause and with the judge's consent." Local Rule 7.6 similarly requires a showing of good cause to support the continuance of a trial date. "[T]he granting or refusal of a continuance is a matter of judicial discretion and the trial court's judgment will not be reversed unless abuse is shown." *Smith-Weik Mach. Corp. v. Murdock Mach. & Eng'g Co.*, 423 F.2d 842 (5th Cir. 1970); *see also Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1366 (11th Cir.1997) ("district courts enjoy broad discretion in deciding how best to manage the cases before them"). Accordingly, the appropriate method for completing the outstanding discovery after December 10 is a motion for an extension of the case schedule. As explained in Motorola's Motion to Extend, there is good cause to grant Motorola's requested extension of time because additional time is necessary to complete outstanding discovery between the parties and from third parties. This will ensure that the new discovery can be incorporated in pretrial motions.

Further, the District Court's resolution of Motorola's Motion to Extend will moot Apple's present motion, which is a discovery motion generally referred to the Magistrate Judge. If the District Court grants Motorola's motion as it should, then both Apple and Motorola will be permitted to complete depositions after December 10 and Apple's motion will be moot. If the District Court denies Motorola's Motion to Extend and holds that fact discovery had to be completed by December 10, then Apple should not be permitted to take depositions after December 10. To avoid the risk of inconsistent rulings, the District Court should deny Apple's Motion for Leave and allow the District Judge to address the issue in the context of Motorola's Motion to Extend.

3

## **CONCLUSION**

For the reasons stated above, Motorola respectfully requests that the Court deny Apple's Motion for Leave.

DATED:  December 18, 2013    Respectfully submitted,

MOTOROLA MOBILITY LLC

By: */s/ Edward M. Mullins*
Edward M. Mullins (Fl. Bar No. 863920)
emullins@astidavis.com
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131
Phone: (305) 372-8282
Fax: (305) 372-8202

Charles K. Verhoeven (*admitted Pro Hac Vice*)
charlesverhoeven@quinnemanuel.com
David Perlson (*admitted Pro Hac Vice*)
davidperlson@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Edward DeFranco (*admitted Pro Hac Vice*)
eddefranco @quinnemanuel.com
James M. Glass (*admitted Pro Hac Vice*)
jimglass@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Phone: (212) 849-7000
Fax: (212) 849-7100

*Attorneys for Plaintiff and Counterclaim-Defendant Motorola Mobility LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or; in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Regan N. Kruse*
Regan N. Kruse (Fla. Bar No. 84404)

### **SERVICE LIST**
*Motorola Mobility LLC v. Apple, Inc.*
Case No.: 1:12-cv-20271-SCOLA
United States District Court, Southern District of Florida

*Counsel for Defendant and Counterclaim-Plaintiff Apple Inc.*

Christopher R.J. Pace*
christopher.pace@weil.com
Edward Soto
edward.soto@weil.com
Weil, Gotshal & Manges LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
Tel.:  (305) 577-3100 / Fax:  (305) 374-7159

Jill J. Schmidt*
jill.schmidt@weil.com
Anne M. Cappella*
anne.cappella@weil.com
Brian C. Chang
brian.chang@weil.com
Nathan A. Greenblatt
nathan.greenblatt@weil.com
Jeremy Jason Lang
jason.lang@weil.com
Arjun Mehra
arjun.mehra@weil.com
Weil, Gotshal & Manges, LLP
201 Redwood Shores Parkway
Redwood Shores, California  94065-1134
Tel.:  (650) 802-3000 / Fax:  (650) 802-3100

Garland Stephens
garland.stephens@weil.com
Weil, Gotshal & Manges, LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Tel: (713) 546-5011 / Fax: (713) 224-9511

Michael T. Pieja*
mpieja@bridgesmav.com
Kenneth H. Bridges*
kbridges@bridgesmav.com
Lawrence Lien*
llien@bridgesmav.com
Christopher Lubeck*
clubeck@bridgesmav.com
Michael T. Pieja*
mpieja@bridgesmav.com
Bridges & Mavrakakis LLP
3000 El Camino Real
One Palo Alto Square
Palo Alto, California  94306
Tel.: (650) 804-7800 / Fax:  (650) 852-9224

Matthew D. Powers*
matthew.powers@tensegritylawgroup.com

5

Brian Ferguson
brian.ferguson@weil.com
Justin Constant*
Justin.constant@weil.com
David DesRosier*
david.desrosier@weil.com
Anish R. Desai*
anish.desai@weil.com
Christopher Marando*
christopher.marando@weil.com
Stephen K. Shahida*
stephen.shahida@weil.com
Robert T. Vlasis, III
robert.vlasis@weil.com
Weil, Gotshal & Manges LLP
1300 Eye Street, NW, Suite 900
Washington, DC  20005
Tel.:  (202) 682-7000 / Fax:  (202) 857-0940

*Admitted pro hac vice

Steven S. Cherensky*
steven.cherensky@tensegritylawgroup.com
Paul T. Ehrlich*
paul.ehrlich@tensegritylawgroup.com
Azra Hadzemehmedovic*
azra@tensegritylawgroup.com
Monica Mucchetti Eno*
monica.eno@tensegritylawgroup.com
Stefani C. Smith*
stefani.smith@tensegritylawgroup.com
Tensegrity Law Group LLP
201 Redwood Shores Parkway, Suite 401
Redwood Shores, California
Tel.:  (650) 802-6000 / Fax:  (650) 802-6001

*Admitted pro hac vice